RHINEHART, Respondent, vs. WHITEHEAD and another, Appellants.

*September 7 — September 22, 1885.*

ASSAULT AND BATTERY. *(1) Evidence of other fights. (2) Expert testimony. (3) Joint tort-feasors: Actual participation. (4) Justification: Burden of proof.*
PLEADING. *(5) General denial: Admissions.*

1. Where the assault and battery complained of were part of one preconcerted affray, evidence of the circumstances of other fights engaged in by the defendants in the execution of their unlawful purpose, is admissible.
2. The plaintiff having been bitten in the thumb by one of the defendants, a medical expert who had examined the wound might properly be asked to state the tendency or danger " of that kind of a wound."
3. A person who goes to a place with others with the intent to get up a fight with persons there, may be liable for an assault and battery committed in the execution of that purpose, although he did not actually participate in such assault.
4. Where the defendant in an action for an assault and battery pleads in justification the burden is upon him to prove such justification.
5. The admission of a fact in an answer is available to the plaintiff, although the answer also contains a general denial.

APPEAL from the Circuit Court for *Green* County.

Action to recover damages for an assault and battery alleged to have been committed upon the plaintiff by the defendant *Levi Whitehead* by the advice and persuasion of his father, the defendant *Henry Whitehead*, who was present aiding and abetting in the assault. The plaintiff was a member of a brass band which, on the evening of the alleged assault, met for practice in the school-house of the district in which the defendants resided. The substance of the defendants' answer is stated in the opinion.

At the trial after the defense had rested, a witness, Charles Estel, called by the plaintiff in rebuttal, was allowed to testify as to a conversation with *Henry Whitehead* a short time before the trial, the court ruling that it was admissible so far as it tended to contradict what *Mr Whitehead* had testified. A witness, Frank Keel, also called in rebuttal, was allowed to testify as to the circumstances of one of the other fights which were going on at about the same time as the one between the plaintiff and *Levi Whitehead*. Other evidence given at the trial and the instructions to the jury, so far as they are essential to an understanding of the questions determined, will be found in the opinion.

There was a verdict for the plaintiff assessing his damages at $500, and from the judgment entered thereon the defendants appealed.

*B. Dunwiddie* and *W. E. Carter*, for the appellants.

*P. J. Clawson*, for the respondent.

COLE, C. J. After a careful examination of the bill of exceptions, we fail to discover any error in this case which should reverse the judgment. There is much conflict in the testimony, and it is not easy to get at the real facts. But the evidence as given on both sides, and the law applicable to it, seem to have been fairly submitted by the court below in its charge.

It is objected on the part of the defendants that improper

testimony was admitted on the trial.  For instance, it is said it was error for the court to permit evidence to be introduced, against defendants' objection, as to other fights than the one between the plaintiff and defendants, espe- cially the testimony as to how the fight between " Ed." Whitehead and Homer Ullom began, and the particulars of that fight.  But it is indisputable that there were a number of fights going on at the same time, or in quick succession, between persons at the school-house.  It was difficult to separate them, or to get the slightest idea of one without going into the history of others.  They seem to be parts of one general preconcerted affray.  The theory of the plaint- iff about the transaction was that *Henry Whitehead*, together with his sons and some others, went to the school-house on the evening in question with the intent of getting up a quarrel with the " band boys," or some persons they ex- pected to find there, and whip them.  If there was an unlaw- ful combination on the part of *Henry Whitehead* and others with him to do such a wrongful act, whatever was said or done in the execution of that purpose was material and pertinent.  The learned counsel for the defendants would not probably dispute the correctness of this proposition; but their contention is that there was no evidence of any such unlawful combination or conspiracy entered into be- fore the defendants went to the school-house.  All we have to say upon that point is that we think there was sufficient evidence of such a combination to carry the question to the jury.  In that view all this evidence objected to was admis- sible.

Another error assigned is that it was improper to permit Dr. Confer to testify, against defendants' objection, as to the tendency or danger of wounds by bites in general, in- stead of confining the testimony to the actual danger of this wound, and the extent of the injury it had caused.  The doctor had seen and examined this wound on plaintiff's thumb, and he was asked to state, from his experience and

Rhinehart vs. Whitehead and another.

observation as a physician, the tendency or danger *of that kind of a wound.* He only testified as to the general or probable consequences of such an injury, which we suppose was proper. The injury to the thumb was caused by a bite by one of the defendants, and the question related to the general tendency or probable consequences of a bite by a human being on that part of the hand, and did not refer to bites by animals or reptiles. It seems to us the question was entirely proper in the form it was put.

We are unable to see any objection to the ruling of, the court in allowing the witnesses Estel and Keel to testify to what they did, when called in rebuttal.

As to the rule of liability where several persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or doing it under circumstances which fairly show them to be joint tort-feasors, the court gave the law substantially as laid down in *Brown v. Perkins,* 1 Allen, 89, which was cited with approval by this court in *Hilmes v. Stroebel,* 59 Wis. 74. That is to say, the court instructed that " any person who is present at the commission of an assault, or an assault and battery, by one person upon another, encouraging or inciting the same by words, gestures, looks, or signs, or who in any manner or by any means countenances or approves the same, is in law deemed an aider and abettor, and liable as principal; and evidence that a person is present at the commission of an assault and battery, without disapproving or opposing it, is evidence from which, in connection with other circumstances, the jury may infer that he assented thereto, and lent to it his countenance and approval, and was thereby aiding and abetting the same. But it is to be borne in mind that mere presence at the commission of an assault and battery or other wrongful act done, does not render a person liable as a participator therein." The learned counsel insists that this charge should have been qualified in order to make it

applicable to the case, and should have been : " If a person
is present at the commission of an assault and battery,
knowing that it is or is about to be committed, without
disapproving or opposing it, this is evidence from which,
in connection with other circumstances, his assent or par-
ticipation in the act may be inferred." No such quali-
fication of the charge was asked for on the part of the
defendants.

The instruction was surely applicable to one phase of the
case. If there was an intent and purpose on the part of
*Henry Whitehead*, and those with him, to go to the school-
house and get up a fight with persons there, it was not nec-
essary that he should actually aid his co-defendant in the
assault and battery of the plaintiff. He would be equally
liable in such a case as though he had committed the bat-
tery himself. But the court, in effect, further said, if there
was no unlawful combination or purpose of that kind, the
mere presence of *Henry Whitehead*, without doing some-
thing, by word or act or gesture, denoting his countenance
or approval, would not render him liable. In view of much
of the testimony introduced on the trial, the charge on this
point is unobjectionable. It was surely as favorable to the
defendants as the law would justify. There was enough in
the case to authorize the jury in finding,— as they probably
did under the charge,— that *Henry Whitehead*, and others
with him, were engaged in a common unlawful act, and
that whatever was done in the execution of their purpose
had his full sanction.

A further error is assigned, which is that this is not a
case for exemplary damages. This point seems to us so
plainly untenable that it requires no comment.

The defendants put in a joint answer, consisting (1) of
the general denial; (2) that *Levi Whitehead* admits he struck
plaintiff, but alleges that plaintiff first assaulted and struck
him, and that he used only such force as was reasonable

and necessary in defending himself against plaintiff's assault; and (3) *Henry* denies that he advised his co-defendant *Levi* to assault the plaintiff, or aided him in any manner. The other parts of the answer are immaterial. In this state of the pleadings the court charged very distinctly that the burden of proof was upon the party who had the affirmative of the issue, and that it was incumbent upon the plaintiff to prove that *Levi Whitehead* assaulted and struck him and bit his thumb, and that *Henry Whitehead* advised, encouraged, and induced *Levi* to commit these injuries before they were inflicted, and that *Henry Whitehead* was also present when the injuries were committed by *Levi*, and aided and abetted in the commission of them. In respect to the justification set up by *Levi*, the court charged that as to that issue the burden of proof was upon the defendants. We do not see any error in this charge. Counsel say that the plaintiff was bound, under the answer, to prove his entire case, which we think he did do, for the case seems to have been tried without any regard to which side had the burden of proof. And the court clearly separated the defenses of the defendants in his direction to the jury. But we suppose as to the justification the *onus* was upon the party relying on that defense. We do not quite comprehend the position of counsel when they say that, even so far as *Levi* was concerned, the answer does not admit that he struck the plaintiff. If that admission is not in the answer we do not understand it. But the admission is certainly in the answer, and the plaintiff might have availed himself of the admission though the answer contained the general denial (*Sexton v. Rhames*, 13 Wis. 99; *Hartwell v. Page*, 14 Wis. 50; *Farrell v. Hennesy*, 21 Wis. 632); but he did not see fit to do so.

On the whole record we think the judgment is correct, and must be affirmed.

*By the Court.*— Judgment affirmed.