Monson, Appellant, vs. Lewis, Respondent.

*December 14, 1904—January 10, 1905.*

*Assault and battery: Justification: Burden of proof: Instructions to jury.*

1. In an action against an overseer of highways for an assault and battery upon one working under him, an instruction given to the jury: "If the defendant in this case ordered and directed the plaintiff to let go of the scraper and quit work, and discharged him, and the plaintiff refused to let go of the scraper and refused to quit work, then, after such order and refusal, the defendant had a right to use proper and reasonable force to enable him to control the scraper in question and the jury must determine from all the evidence how much and what kind of force the defendant did in fact use," is *held* erroneous in that it admits of the construction that, if the defendant had discharged the plaintiff, the defendant was entitled to take the scraper from plaintiff's possession by force, if the force used was reasonable and proper to accomplish the purpose.

2. In such case, where the giving of the blow by defendant and the consequent damage was admitted, an instruction, that, in this case, as in all other civil cases, the burden is upon the plaintiff to establish the facts essential to his recovery by a preponderance of the evidence, is *held* erroneous, in that it might well be understood as meaning that the plaintiff, after proving the blow, was obliged to prove that there was no justification.

3. In assault and battery where the blow and consequent damage is admitted by the defendant, a *prima facie* case is made, and the burden then lies upon the defendant to prove facts constituting a justification therefor.

Appeal from a judgment of the circuit court for Columbia county: E. Ray Stevens, Circuit Judge. *Reversed.*

This is an action to recover damages for an assault and battery by which the plaintiff's arm was broken. The answer alleged that at the time of the alleged assault the defendant was commissioner of highways, and that while engaged in his official duties the plaintiff assaulted him, and while lawfully defending himself from such assault he had a personal encounter with the plaintiff, but that the defendant acted only

in lawful self-defense, and used no more force than, under the circumstances, was necessary, and that, if the plaintiff's arm was broken, it was not through any wrongful act of the defendant, but by the wrongful acts of the plaintiff himself. The evidence shows that on the 3d of July, 1903, the parties were working on the highway (the defendant being superintendent of highways, and the plaintiff working under him), and that the plaintiff was handling an ordinary scraper, the horses attached to the scraper being driven by a third person; that the defendant was not satisfied with the manner in which the plaintiff handled the scraper, and an altercation arose between them, which resulted in a personal encounter. The plaintiff's testimony tended to show that he retained possession of the scraper, and the defendant attempted to take the scraper away from him, and struck his arm in the attempt, by which the arm was broken. The defendant's testimony tended to show that during the altercation the scraper came to a standstill, and that he then discharged the plaintiff from the work, and the plaintiff stood up and let go of the scraper; that thereupon the defendant took hold of both handles of the scraper, and the plaintiff then tried to take it away from him, and he (defendant) struck the plaintiff's arm in defending his possession of the scraper. There was a verdict and judgment for the defendant, and the plaintiff appeals.

*Daniel H. Grady,* for the appellant.

*W. S. Stroud,* for the respondent.

WINSLOW, J. There was no doubt, under the evidence, of the fact that the defendant struck the plaintiff and fractured his arm; but the principal disputed question seemed to be whether the defendant struck the blow while trying to take the scraper from plaintiff's possession, or whether the plaintiff had entirely let go of the scraper, and the defendant

had, without violence, taken it and struck the blow while the plaintiff was endeavoring to retake it. In the one case the act of defendant was an attempt to take the property by force from plaintiff's possession, and in the other case it was an attempt to defend his own possession. In this situation of the evidence, the following instruction was given:

"If the defendant in this case ordered and directed the plaintiff to let go of the scraper and quit work, and discharged him, and the plaintiff refused to let go of the scraper and refused to quit work, then, after such order and refusal, the defendant had a right to use proper and reasonable force to enable him to control the scraper in question, and the jury must determine from all the evidence how much and what kind of force the defendant did in fact use."

This instruction admits at least of the construction that, if the defendant had discharged the plaintiff, the defendant was entitled to take the scraper from plaintiff's possession by force, if the force used was reasonable and proper to accomplish the purpose. We do not understand this to be the law. It was held in *Barnes v. Martin*, 15 Wis. 240, that the owner of property which is in the peaceable possession of another has no right to retake the property by force. This principle is based upon public policy. It is in the interest of peace and public order. Any other rule would substitute the strong arm for the court of justice, and promote lawbreaking and violence. The right of, the owner to recapture personal property is to be exercised only when he may peaceably do so, with the possible exception (not necessary to be discussed here) that; when the property has been momentarily taken from the owner by force or fraud, it may be lawfully retaken, if only reasonable and proper force be used. 2 Am. & Eng. Ency. of Law (2d ed.) 983; 3 Cyc. 1078. In the present case, plaintiff's original possession of the scraper was lawful, and, if he retained the possession continuously, the defendant was not justified in using force to take it away; but if the

plaintiff let go of it, and the defendant peaceably took possession, he might defend such possession with reasonable and proper force.

The court further charged the jury that "in this case, as in all other civil cases, the burden is upon the plaintiff to establish the facts essential to his recovery by a preponderance of the evidence." This might well be understood as meaning that the plaintiff, after proving the blow, was obliged to prove that there was no justification for it. This is not the law. The blow and consequent damage being admitted by the defendant, a *prima facie* case was made, and the burden lay upon him to prove facts constituting a justification therefor. *Timm v. Bear,* 29 Wis. 254; *Blake v. Damon,* 103 Mass. 199; 2 Greenleaf, Ev. (15th ed.) §§ 95–98.

*By the Court.*—Judgment reversed, and action remanded for a new trial.