WINTER, Respondent, vs. BEEBE, Appellant.

*November 15—December 12, 1905.*

*Assault and battery: Taking one's own property by force: Evidence.*

1. The owner of property which is in the peaceable possession of another has no right, as a general rule, to take the property by force.
2. In an action for assault and battery against the owner of property who took it by force from the peaceable possession of plaintiff, evidence that plaintiff was at the time under the influence of liquor and by reason thereof was "bordering on imbecility," offered by defendant as explanatory of plaintiff's conduct in keeping the property, was inadmissible for that purpose.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

Action to recover damages for assault and battery. The undisputed evidence shows that plaintiff was employed by defendant to put in electric droplights in a store in the city of New Richmond; that defendant conducted a drug store adjacent to the store in question, and about five days prior to March 15, 1904, leased this store; that, although said stores were in the same building, there were no doors or other connection between them allowing passage from one to the other; that on said 15th day of March, 1904, the store in question was practically vacant, save that a very few items of furniture stock had been placed therein, and some painters had been at work in the store until about the middle of the forenoon, and after they left plaintiff continued to work there alone; that at 5:30 p. m. he had in his possession the key to one of the back doors, which was given to him by one of the painters or had been taken by him from the door; that defendant went into the store where plaintiff was at work about 5:30 p. m. and asked him where the key to the door was, and plaintiff replied that he had it in his pocket, and defendant made no objection; that shortly after 6 p. m. plaintiff, not having completed his work, left his tools in the store, locked the door and put the key in his pocket, and entered defendant's drug store and asked him who would be at work in the building the next day; that defendant then asked plaintiff where he left the key, and plaintiff replied that he had it in his pocket, and upon request refused to give it up until he had finished his work, and gave as a reason that his tools were in the store; that plaintiff then went across the street to the postoffice, and, when he came out, defendant accosted him and requested the key, plaintiff again refusing to surrender it, whereupon defendant grabbed him, led him back to the north side of the drug store, and threw him down three times, each time demanding the key, which plaintiff refused to give up; his leg

being broken the last time he was thrown. At the close of the testimony defendant moved the court to direct a verdict of no cause of action, also to submit the issues to the jury on a special verdict. Both motions were denied. The court then. submitted to the jury the question of amount of damages,. which were assessed at $850, and judgment was entered for plaintiff upon the verdict, from which this appeal is taken.

For the appellant the cause was submitted on the brief of W. F. McNally. To the point that the owner of property, entitled to the immediate possession thereof, may use reasonable force to recover the same from one who unlawfully detains it, without liability to the wrongdoer for injuries caused by such force, he cited Eames v. Prentice, 8 Cush. 337 ;. Curtis v. Galvin, 1 Allen, 215 ; Low v. Elwell, 121 Mass. 309,. and cases cited; Comm. v. Donahue, 148 Mass. 529 ; Harvey v. Brydges, 14 M. & W. 437 ; Davis v. Burrell, 10 C. B. 821, 825 ; Blades v. Higgs, 10 C. B. N. S. 713 ; Lyon v. Fairbank,. 79 Wis. 455, 463 ; Hamilton v. Arnold, 116 Mich. 684, 75. N. W. 133 ; Hodgeden v. Hubbard, 18 Vt. 504 ; Heminway v. Heminway, 58 Conn. 443 ; Barr.v. Post, 56 Neb. 698, 77 N. W. 123 ; Miller v. Sadowsky (Mich.) 101 N. W. 621 ; Wright v. Southern Exp. Co. 80 Fed. 85 ; Johnson v. Perry,. 56 Vt. 703 ; State v. Elliot, 11 N. H. 540 ; Hopkins v. Dickson, 59 N. H. 235 ; State v. Dooley, 121 Mo. 591, 26 S. W.. 558 ; Baldwin v. Hayden, 6 Conn. 453 ; Winter v. Atkinson,. 92 Ill. App. 162 ; Manning v. Brown, 47 Md. 506 ; Comm. v.. Lynn, 123 Mass. 218.

For the respondent there was a brief by Baker & Haven,. and oral argument by Spencer Haven.

KERWIN, J. Two questions arise under the assignments of error: First, Was the court right in holding that upon the evidence the plaintiff was entitled to judgment, and in submitting to the jury only the question of amount of damages ? and second, Did the court err in excluding evidence ?

1. The facts in this case bring it clearly within the rule of *Monson v. Lewis,* 123 Wis. 583, 101 N. W. 1094. The plaintiff had peaceable possession of the key, and the defendant was not justified in making an assault upon plaintiff for the purpose of getting possession of it. He therefore was liable for the damages resulting from such unlawful acts. *Monson v. Lewis, supra.*

2. Error is assigned because the court excluded evidence to the effect that plaintiff was at the time of injury under the influence of liquor, on the ground that such evidence would have shown that plaintiff was on this account "bordering on imbecility, half crazy." On objection to the evidence defendant's counsel expressly stated that he did not offer it on the question of damages, but for the purpose of showing the strange conduct of plaintiff at the time of the injury as a reason why he kept the key. It was clearly inadmissible for such purpose, and no error was committed in excluding it. We find no error in the record.

*By the Court.*—Judgment affirmed.