FARLEY, Respondent, vs. BRIEBACH and others, Appellants.

*November 14—December 4, 1906.*

*Assault and battery: Justification.*

1. In an action for assault and battery it appeared, among other things, that plaintiff entered the shop of defendants, and publicly and peaceably obtained possession of a union card under claim of right, and while leaving the shop was attacked by defendants, assaulted, and beaten severely in efforts to regain possession of the card by force. There was no evidence that plaintiff was resisted in any way in his obtaining peaceable possession of the card. *Held,* that the assault and battery were unjustifiable.
2. In such case whether defendants had forfeited their right to the card or not did not alter the situation. It was sufficient that the union claimed the right to remove it, and that plaintiff went into the shop to get possession of the card, and did get possession of it peaceably.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Affirmed.*

This action was brought to recover damages for assault and battery.. At the time of the alleged assault and battery plaintiff was a butcher workman employed in the city of La Crosse, Wisconsin. He was a member and officer of an organization commonly known as the Butchers' Union. The defendants were at the time of the assault and battery proprietors of another meat market in said city, and had in their shop a union or market card furnished by the Butchers' Union. On the day of the assault plaintiff was sent to the defendants' shop to get the card. He entered the shop and asked one of the defendants for the card, and some discussion arose as to the right to remove it, whereupon plaintiff took the card from the wall. and walked toward the door. The defendants attacked him and forcibly took the card from him, and in so doing struck and beat him. Thereafter this action was commenced by plaintiff for assault and battery. The answer was a general denial. The action was tried by the court and a jury, and judgment rendered in favor of plaintiff and against the defendants, from which this appeal was taken.

*C. L. Hood,* for the appellants.

For the respondent there was a brief by *Higbee & Higbee,* and oral argument by *J. E. Higbee.*

KERWIN, J. But two questions need be considered upon this appeal: (1) Did the plaintiff get peaceable possession of the card? and (2) Did the defendants by force take it from the possession of plaintiff, and in so doing commit an assault and battery? Counsel for defendants frankly says in his brief: "If this court thinks the evidence shows no justification, then the verdict should stand." We think it very clear that the evidence shows no justification. The plaintiff entered the shop of defendants, and publicly and peaceably got possession of the card under claim of right. He was an officer of the union and was ordered to take the card, for what rea-

Vaundry v. Chicago & N. W. R. Co. 130 Wis. 233.

-son is not material. There is evidence that, prior to the time plaintiff took the card, the secretary of the union notified the defendants to deliver the card, that they had forfeited the right to have it in their shop. Whether the defendants had forfeited their right to the card or not does not alter the situation. It is sufficient that the union claimed the right to remove it, and that plaintiff went to the shop to get possession of it, and did get possession of it peaceably. There is no evidence that plaintiff was resisted in any way in his attempt to get peaceable possession of the card. After he got peaceable possession and was leaving the shop the evidence shows that he was attacked by the defendants, assaulted, and beaten in their efforts to take the card from his possession by force. The evidence shows that he was quite severely beaten, that one of his teeth was knocked out, his lip split, and his eye blackened. One of defendants testified: "I reached for the card, he tried to keep it, and I tried to take it, and I saw I could not get the card, and I hit him. He didn't let go of it, and I hit him again." These undisputed facts leave no room for doubt that the assault and battery was wholly unjustifiable. *Monson v. Lewis,* 123 Wis. 583, 101 N. W. 1094; *Winter v. Beebe,* 126 Wis. 379, 105 N. W. 953.

*By the Court.*—The judgment of the court below is affirmed.