Storma, Appellant, vs. Wippich, Respondent.

*October 10—November 4, 1919.*

*Assault and battery: Burden of proof of self-defense: Appeal: Erroneous instruction as to burden of proof.*

1. Where defendant admits striking the plaintiff, he has the burden of proving the facts which show that he acted in proper self-defense.
2. The evidence being in sharp conflict as to who was the aggressor in a fracas, an instruction erroneously placing the burden of proof as to justification on plaintiff affected her substantial rights.

Appeal from a judgment of the circuit court for Shawano county: Edgar V. Werner, Circuit Judge. *Reversed:*

Assault and battery. The parties are brother and sister. The plaintiff came to the defendant's house May 1, 1918, and became involved in a violent dispute with the defendant concerning the care of their aged father, who was living with the defendant. Plaintiff claims that the defendant without cause grabbed her and dragged her out of the house, struck her, and pushed her off from the porch. The defendant admitted that he slapped or struck the plaintiff, but claimed that he only acted in self-defense, using no more force than was reasonably necessary under the circumstances to protect himself from plaintiff's prior assault and remove the plaintiff from the sick room of the father, where she was causing a disturbance prejudicial to the health of the father.

The jury returned the following special verdict:

"(1) Did the defendant, *Wippich,* commit the first assault?    *A.* No.

"(2) If you answer the first question 'No,' then answer this question: Was the defendant, under the attending circumstances, justified in striking the plaintiff to prevent the latter from striking him?    *A.* Yes.

"(3) If you answer question No. 1 'No,' then answer this question: Did the defendant, *Wippich,* use more force than was reasonably necessary in repelling the assault by the plaintiff, *Storma?    A.* No.

"(4) Was the plaintiff, *Storma,* injured by the defendant, *Wippich,* on the 1st day of May, 1918?    A. (by the court). Yes.

"(5) What sum will compensate the plaintiff, *Storma,* for injuries sustained by her on the 1st day of May, 1918, to a reasonable certainty?    *A.* $35.

"(6) If you answer question No. 1 'Yes,' then answer this question: Was the first assault committed under circumstances of aggravation or cruelty with vindictiveness or malice, without adequate provocation?    (Not answered.)

"(7) If you answer question No. 6 'Yes,' then answer this question:    What sum shall the defendant pay as punitive damages?    (Not answered.)"

The trial judge charged the jury in connection with question No. 2 that the burden of proof to prove the negative answer to the question was on the plaintiff; also in connection with question No. 3, that the burden of proof to establish an affirmative answer to said third question was on the plaintiff.

Judgment was rendered for the defendant on the verdict, and the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Eberlein & Larson* of Shawano, and for the respondent on that of *Dillett & Winter* of Shawano.

WINSLOW, C. J. The issue in this case at the close of the evidence was very simple. The plaintiff claimed that the

defendant struck and seriously injured her without provocation; the defendant, while admitting that he struck the plaintiff, claimed that his act was in rightful self-defense. The defendant's claim as set forth in his answer, that he used sufficient force only to remove the plaintiff from his father's sick-room, practically dropped out of the case because the plaintiff's claim to recover was based entirely on a blow or blows which were not any part of the alleged removal from the sick-room.

The law unquestionably is that where, as in this case, the defendant admits the blow, but claims that his act was justified by the law of self-defense, he has the burden of proving the facts which show that he acted in proper self-defense. *Monson v. Lewis,* 123 Wis. 583, 101 N. W. 1094, and cases cited; 5 Corp. Jur. p. 664, § 102.

The conflict in the evidence was very sharp on the question as to who was the aggressor in the fracas, and under such circumstances an instruction which places the burden of proof on the wrong party on the main issue in the case must be deemed in all ordinary cases to affect the substantial rights of the party. *Carle v. Nelson,* 145 Wis. 593, 130 N. W. 467.

*By the Court.*—Judgment reversed, and action remanded for a new trial.