Kalb, Appellant, vs. Luce and others, Respondents.

*April 12—June 29, 1938.*

520

*J. J. McManamy* of Madison, for the appellant.

For the respondents Roscoe R. Luce and George O'Brien there was a brief by *Thorson & Seymour* of Elkhorn, and oral argument by *Arthur T. Thorson.*

For the respondents Henry Feuerstein and Helen Feuerstein there was a brief by *Moran & O'Brien* of Delavan, and oral argument by *J. Arthur Moran.*

The following opinion was filed May 17, 1938:

ROSENBERRY, C. J. Upon this appeal the plaintiff contends that on and after September 6, 1935, when plaintiff's petition in the bankruptcy court was reinstated, the county court of Walworth county was wholly without jurisdiction to proceed to confirm the sale held August 2, 1935, and to execute the judgment of foreclosure. Plaintiff's contention arises under the amendment to section 75 of the Bankruptcy Act, enacted by congress August 28, 1935 (11 USCA, § 203 (n)), which is printed in the margin.[1]

---

[1] "(n) The filing of a petition or answer with the clerk of court, or leaving it with the conciliation commissioner for the purpose of forwarding same to the clerk of court, praying for relief under section 75 of this act, as amended (this section), shall immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right in any such property, including, among others, contracts for purchase, contracts for deed, or conditional sales contracts, the right or the equity of redemption where the period of redemption has not or had not expired, or where a deed of trust has been given as security, or where the sale has not or had not been confirmed, or where deed had not been delivered, at the time of filing the petition.

"In all cases where, at the time of filing the petition, the period of redemption has not or had not expired, or where the right under a

It is the contention of the plaintiff that this statute is self-executing,—that is, that it requires no application to the state or federal court in which foreclosure proceedings are pending for a stay; in other words, that it provides for a statutory and not for a judicial stay. Plaintiff's claims under the Bankruptcy Act present a question which clearly arises under the laws of the United States, and therefore present a federal question upon which determination of the federal courts is controlling.

. It has been held by the circuit court of appeals for the Ninth circuit, *Hardt v. Kirkpatrick* (1937), 91 Fed. (2d) 875, that a stay provided for by section 75 (o) and section 75 (s), is a judicial stay and not a statutory stay. While the plaintiff in this action claims his rights under section 75 (n) the same reasoning applied in the *Hardt Case* leads to the same conclusion in this case. Under the amendment to section 75 of the Bankruptcy Act, the federal courts have consistently conformed to this conclusion. See cases cited, 11 USCA, p. 1004, under title "Foreclosure of Mortgage." See *In re Arend* (D. C. Mich., 1934), 8 Fed. Supp. 211. The circuit court of appeals, Seventh circuit, held in *In re Lowmon—La Fayette Life Ins. Co. v. Lowmon* (1935), 79 Fed. (2d) 887, that the Bankruptcy Act could not be so construed as to extend the period of redemption which had expired according to the provisions of a state statute and if so construed it would be unconstitutional.

The defendant O'Brien seeks a review of that part of the order which holds that a cause of action for assault and battery is stated as to him. There is no allegation in the second cause of action that the defendant O'Brien used any excessive force, or that he used more force than was reasonably

---

deed of trust has not or had not become absolute, or where the sale has not or had not been confirmed, or where deed had not been delivered, the period of redemption shall be extended or the confirmation of sale withheld for the period necessary for the purpose of carrying out the provisions of this section." 11 USCA, § 203 (n),

necessary to put the defendants Feuerstein in possession of the mortgaged premises and to execute the writ of assistance. It is claimed that the acts of O'Brien were wrongful because without warrant in law. This contention is based upon the same grounds upon which the other contentions were made,—that is, that the court was wholly without jurisdiction to confirm the sale or to issue the writ of assistance. If as we hold the writ of assistance was validly issued then the allegations contained in the second contention with respect to assault and battery are insufficient.

*By the Court.*—Upon the appeal of the plaintiff that part of the order appealed from is affirmed. Upon motion to review of the defendant O'Brien, so much of the order as overrules the demurrer as to the second cause of action is reversed, and cause remanded for further proceedings according to law.

The following memorandum was filed June 29, 1938:

ROSENBERRY, C. J. (*on motion for rehearing*). The appellant has moved for a rehearing upon the authority of *Wright v. Union Central Life Ins. Co.* 304 U. S. 000, 58 Sup. Ct. 1025, 82 L. Ed. 000, decided May 31, 1938. That case does not deal with and, so far as we can see, has no bearing upon the question involved in this case and in the companion case, *Kalb v. Feuerstein, post,* p. 525, 279 N. W. 687, 280 N. W. 726. It holds the provisions considered constitutional. The plaintiff proceeds upon the theory that the order of the county court of Walworth county confirming the sale was without jurisdiction because after the plaintiff in this action had filed his petition under section 75 of the Bankruptcy Act, as amended on August 28, 1935, the state court was without jurisdiction to proceed. There was no motion for a stay either in the federal court or in the state court, the plaintiff's theory being that the filing of the

petition divested the state court of all jurisdiction to proceed in the action then pending before it.

It is considered that plaintiff's position is not well taken. It may be conceded that the filing of the petition in the federal court created certain rights which the plaintiff in this action might have asserted either in the federal court or in the state court. However, the plaintiff failed to assert such rights either in the federal or state court as has already been stated. All that this court is called upon to do is to determine whether or not the order of confirmation was valid, and that depends upon whether the county court of Walworth county had jurisdiction to make the determination. If it should be held that the mere filing of the petition divested the state court of jurisdiction the whole matter would be thrown into inextricable confusion. No one would know whether a judgment of foreclosure of a state court with an order confirming a sale thereunder was valid or void until a search had been made of the records of the federal courts.

We need not consider nor discuss the question whether the congress has power to divest the jurisdiction of a state court which has once attached. That question is not presented by this record. It would seem from a consideration of section 75, as amended, that the filing of the petition automatically operated to extend the period of redemption. It is possible that that state of facts if made to appear would make the order of the trial court erroneous, but the order would be within the power of the court to make. No appeal having been taken, no showing having been made in the state court, an order of sale having been confirmed, and the purchaser put in possession, the plaintiff is in no position to claim that the order of the county court is void.

We adhere to our former determination that the provisions of section 75 were not intended to provide for a statutory stay, but to create rights which when properly asserted are grounds for a judicial stay.

Nor do we find anything in the case of *Adair v. Bank of America Nat. Trust & Savings Asso.* 303 U. S. 350, 58 Sup. Ct. 594, 82 L. Ed. 000, decided February 28, 1938, to the contrary. While it is stated in that opinion that section 75 provides that the filing of the petition shall effect a stay, the cases cited in support of the proposition are cases relating to the power of a court of bankruptcy to stay proceedings and it is held that courts of bankruptcy have that power. The court said (p. 356) :

"In order to operate and protect the property during the stay, and pending confirmation or other disposition of the composition or extension proposal, the statute provides in subsections (e) and (n) for the exercise by the court of 'such control over the property of the farmer as the court deems in the best interests of the farmer and his creditors.' These provisions look toward the maintenance of the farm as a going concern, and afford clear authority, in a proper case, for the continuance of the operations of the farm after the filing of a petition under section 75 of the Bankruptcy Act."

See *Wright v. Vinton Branch* (1937), 300 U. S. 440, 466, 57 Sup. Ct. 556, 81 L. Ed. 736.

*By the Court.*—Motion denied without costs.