SCHULZE, Appellant, v. KLEEBER and another, Respondents.

*May 3—June 7, 1960.*

541

542

For the appellant there was a brief by *Vaughn S. Conway* and *Kenneth H. Conway,* both of Baraboo, and oral argument by *Vaughn S. Conway.*

For the respondents there was a brief by *Langer & Cross* of Baraboo, and oral argument by *Clyde C. Cross* and *H. M. Langer.*

FAIRCHILD, J. 1. *Sufficiency of evidence.* It will be apparent from the foregoing statement of facts that the evidence presented issues for the jury as to whether (1) Kleeber acted in bad faith, (2) LeMoine used excessive force, and (3) such excessive force caused Schulze's injuries. We find evidence sufficient to sustain each answer, subject to the following comment as to the third.

The jury having found that excessive force was used, the negative answer on causation can be sustained only upon the analysis that the excessive force had ceased to operate when LeMoine and Schulze reached the door; that Schulze fell, as testified by LeMoine, when he lost his balance solely as a result of a secondary fracas initiated by Mr. Schulze. Although we consider this a question to be resolved by the jury, it is a close question, and deserves scrutiny in the interests of justice.

2. *Perversity.* Do the jury's answers to the damage question compel us to say as a matter of law that the verdict was perverse? The existence and extent of injury caused by Mr. Schulze's fall were largely questions for the jury. They may properly have considered that his damages were minor. Because Schulze admittedly sustained at least some bruises and sought medical attention for them, a wholly negative answer as to damages could not, however, be justified. "It has been held that a jury's violation of instruc-

tions by not answering damage questions in a verdict where they have answered other questions so as to determine that there is no liability does not compel a trial court to treat the verdict as perverse." *Odya v. Quade* (1958), 4 Wis. (2d) 63, 73, 90 N. W. (2d) 96. See *Dickman v. Schaeffer,* post, p. 610, 103 N. W. (2d) 922. Although as suggested in *Odya v. Quade, supra,* we would now be inclined to sustain an order granting a new trial on the ground of perversity where based on a failure to answer damage questions, the circuit court did not grant a new trial here.

3. *Dismissal as to defendant Kleeber.* The verdict was not perverse, and the answer that Kleeber did not act in bad faith is sustained by the evidence when viewed in the light most favorable to the verdict. There has been no argument here that the finding is not legally sufficient to sustain the judgment of dismissal as to Kleeber. That portion of the judgment will therefore be affirmed.

4. *The theory of the case against LeMoine.* Plaintiff does not challenge the proposition that the mayor's order gave LeMoine the right to use force to remove Mr. Schulze from the council chamber. He was privileged to use whatever force was reasonably necessary to effect removal. If he used more force than reasonably necessary, it constituted an assault and battery. *Kalb v. Luce* (1938), 228 Wis. 519, 279 N. W. 685, 280 N. W. 725; Restatement, 1 Torts, pp. 153, 189, 309, 336, secs. 71, 82, 133, 144; 4 Am. Jur., Arrest, p. 52, sec. 73; 4 Am. Jur., Assault and Battery, p. 169, sec. 77. Contributory negligence was not a defense. 6 C. J. S., Assault and Battery, p. 829, sec. 24. For some reason (perhaps the type of insurance coverage available to defendants, or some similar consideration), the parties treated the use of excessive force as merely negligent conduct, and considered that the comparative-negligence statute would apply if plaintiff was negligent and the injury was caused by the conduct of both.

We consider that the questions in the special verdict as to Mr. Schulze's negligence in resisting removal, and as to comparison of negligence were surplusage. Once the jury determined that LeMoine used excessive force, the only remaining question pertinent to liability was whether the excessive force caused the injury.

We note, of course, that plaintiff virtually agreed to the submission of the case in this fashion, and has not questioned it in the trial court, nor here. He is not entitled to any relief as a matter of right.

5. *Discretionary reversal.* We have observed that while one version of the facts would support the jury's findings that LeMoine used excessive force, but it was not causal, the fact question is extremely close. Officer LeMoine was a very heavy man, and plaintiff was advanced in years. LeMoine propelled Schulze only five to 10 feet before reaching the door. The jury must have considered that LeMoine used excessive force in so doing, but if their negative answer as to cause is consistent, they must have found that the excessive force was suddenly dissipated at the door. The questions in the special verdict as to Schulze's negligence and the instruction that if his conduct "was such that he as an ordinarily reasonable person should have anticipated that his conduct would probably result in injury or harm to himself, he was negligent" may have focused attention on whether Schulze would have been hurt if he had not resisted, rather than on the crucial question of whether the excessive force caused his injury. He did have a privilege to defend himself against the use of excessive force. Restatement, 1 Torts, sections above cited.

If the jury had found that LeMoine did not use excessive force, we would probably not disturb the result. But under all the circumstances, and assuming that excessive force was used, as found, it appears probable that justice has miscarried and in our discretion under sec. 251.09, Stats., we

reverse the judgment of dismissal as to LeMoine. There should be an amendment of pleadings so that the issues will be framed in terms of intentional tort, and a new trial of such issues. Because the judgment awards a combined sum as costs for both defendants, there must be a new taxation of costs in favor of defendant Kleeber alone so that such figure may be inserted in the judgment in his favor.

*By the Court.*—Judgment reversed, in so far as it dismisses the complaint as to Virgil C. LeMoine and awards costs; cause remanded for further proceedings not inconsistent with the opinion filed herein. In all other respects, the judgment is affirmed. No party to tax costs in this court.