WIRSING, Appellant, v. KRZEMINSKI, Respondent.*

*No. 264. Argued November 28, 1973.—Decided December 21, 1973.*
(Also reported in 213 N. W. 2d 37.)

---

* Motion for rehearing denied, with costs, on March 5, 1974.

For the appellant there was a brief by *Arthur DeBardeleben* of Park Falls, attorney, and *Joseph M. Recka* of Green Bay, of counsel, and oral argument by *Mr. DeBardeleben.*

For the respondent there was a brief and oral argument by *Donald G. Olson* of Phillips.

A brief was filed by *Arthur DeBardeleben,* attorney, and *Daniel F. Snyder,* of counsel, both of Park Falls, for the appellant.

A brief was filed by *Donald G. Olson* of Phillips, for the respondent.

HEFFERNAN, J. The principal argument of the plaintiff on this appeal is that the trial judge erred as a matter of law in the framing of the first question of the special verdict in regard to the use of force. The plaintiff submitted a special verdict question which was refused by the trial court. The question proposed by the plaintiff was:

"In striking the plaintiff, Roman J. Wirsing, with the blackjack, in the manner shown by the evidence, did the defendant, Clarence Krzeminski, use more force than was reasonably necessary?"

The court's first special verdict question asked:

". . . did the defendant, Clarence Krzeminski . . . under all of the circumstances then present and existing, use more force than was necessary in the performance of his duties as a reasonable prudent police officer?"

In essence, the court's question asked the jury whether defendant used more force than was necessary in the performance of his duties as a reasonable, prudent police officer. The plaintiff's analogous question asked the jury if the defendant used more force than was reasonably necessary.

The question proposed by the plaintiff does not differ in any significant respect from that given by the court, and we do not conclude that it would have been erroneous to have submitted either question under the instructions that were given to the jury. However, the question framed by the trial judge was more appropriate under the circumstances and comports in every respect with the legal issues that are posed by the evidence. The plaintiff objects to the instruction because he believes it placed undue emphasis upon the defendant's position as a police officer. The plaintiff's counsel apparently takes the position that the defendant in this case is to be treated no differently than any other defendant who is being sued for damages for an assault. The trial judge's instructions emphasize that there is a difference and that a police officer's liabilities for an assault are founded on legal and policy considerations that are distinguishable from those in an ordinary assault case. We are satisfied that the trial judge gave the proper instruction under the circumstances. The law is different, and the trial judge's instructions properly stated that difference. The general principle applicable to police officers making arrests is found in Restatement, *Torts* 2d, p. 193, sec. 118:

"The use of force against another for the purpose of effecting his arrest . . . [is] privileged if all the conditions stated in secs. 119–132 . . . exist."

The principal condition is stated in sec. 132, page 236, which points out that, although force is privileged to effect an arrest, it "is not privileged if the means employed are in excess of those which the actor reasonably believes to be necessary." Comment *a* to sec. 132 states that, although a police officer's privilege of self-defense is pertinent to this issue:

". . . if the actor is making or attempting to make an arrest for a criminal offense he is acting for the protection of the public interest and is permitted even a greater latitude than when he acts in self-defense, and he is not liable unless the means which he uses are clearly excessive."

These principles of the Restatement are consonant with leading cases heretofore decided by this court. *Bursack v. Davis* (1929), 199 Wis. 115, 225 N. W. 738; *Metzinger v. Perry* (1928), 197 Wis. 16, 221 N. W. 418; *Ogodziski v. Gara* (1921), 173 Wis. 371, 181 N. W. 227.

*Bursack* is particularly instructive. In that case the plaintiff sued the defendant constable for false imprisonment and assault and battery. The defendant in *Bursack,* as here, admitted striking the plaintiff on the head, in that case with the butt of a revolver, but contended that he used no more force than was necessary to complete the arrest and to protect himself from the assault of the plaintiff. The court stated that the trial court's instructions properly placed the burden of proof on the plaintiff, both as to the question of false arrest and the use of force in making the arrest. Moreover, the court pointed out that the burden upon the plaintiff was that which was commonly referred to as the middle burden of proof, midway between that required in ordinary actions (a preponderance of the evidence), and that required in criminal actions (beyond a reasonable doubt). The court stated at page 122, "We think that . . . it was incumbent on plaintiff . . . to prove it 'by a clear and satisfactory preponderance of the evidence.' "

*Metzinger* and *Ogodziski* also involved defendants who were vested with authority to maintain the peace. In *Metzinger,* the defendant, a train conductor, who under the statutes has the authority of a constable (sec. 192.17, Stats.), struck the plaintiff twice. In *Ogodziski,* the defendants, according to the court, found that a church "marshal" and the pastor of the church had the right to maintain order provided they used no more force than was necessary. While the applicability of the rule which gives the same authority to a church official as to a police officer may well be questioned, nevertheless the principle is clear that one who has police authority to maintain

the peace has a privilege to use force, and the question then becomes simply whether the force was excessive for the accomplishment of the purpose.

A more recent case, *Schulze v. Kleeber* (1960), 10 Wis. 2d 540, 103 N. W. 2d 560, pointed out that a police officer in the exercise of his duties is privileged to use whatever force is reasonably necessary, and only if more force than is reasonably necessary is used does it constitute assault and battery.

Under the rule of the Restatement and this line of Wisconsin cases, the trial court's instructions placing emphasis upon the special privilege of a police officer were correct, and they reflected not a prejudicial misstatement of the case but the legal entitlement conferred by law upon a police officer to use necessary force.

On the other hand, the plaintiff relies on another chain of cases appearing in the Wisconsin Reports. *Monson v. Lewis* (1905), 123 Wis. 583, 101 N. W. 1094; *Rhinehart v. Whitehead* (1885), 64 Wis. 42, 24 N. W. 401; *Storma v. Wippich* (1919), 170 Wis. 188, 174 N. W. 480. These cases support the overall contention of the plaintiff that, when a blow to the plaintiff is admitted by the defendant, the burden of proof lies upon the defendant for the justification of the blow. These cases are consonant with the plaintiff's contention that, since the police officer here not only pleaded the privilege of force but the privilege of self-defense, the defendant therefore should have the burden of proving the justification for the self-defense. These cases are distinguishable, however, from those upon which this court and the trial court place reliance. Each of these cases involved altercations in which the defendant did not have any special powers to enforce the peace.

In *Monson*, the dispute was between a highway worker and a foreman; in *Rhinehart*, there was a schoolyard brawl; and in *Storma*, the blows were exchanged between

a brother and sister. They are not applicable to the present case.

It should also be pointed out, in accordance with Comment *a* of the Restatement of *Torts, supra*, that although a peace officer has the privilege of self-defense, as does any other citizen, he is in that respect governed by the ordinary rules of law; but where, as here, the defendant police officer is in the exercise of the privilege of protecting the public peace and order, he is entitled to the even greater use of force than might be in the same circumstances required for self-defense.

The special verdict question properly emphasized the conditions evident from the facts—that the defendant was "in the performance of his duties as a reasonable prudent police officer." The question was primarily put in terms of whether he used more force than was necessary in the reasonable exercise of those powers.

The instructions were also correct. The trial judge instructed the jury that the burden of proof was upon the plaintiff to establish the use of excessive force by evidence "which is clear, satisfactory, and convincing." The trial judge also properly instructed the jury that, if under the circumstances no force at all would be required by a reasonable and prudent police officer, then any force would be excessive. Counsel for the plaintiff approved of that instruction but argued that, since that admonition was contained only in the instructions and was not incorporated in the special verdict questions submitted to the jury, its warning would be likely to be overlooked by the jury and the plaintiff prejudiced. We believe, however, that the material issues for the jury's determination were adequately covered by the questions submitted. It would not have been error to have incorporated counsel's request in a special verdict question. However, the statement of law urged by the plaintiff that the use of any

force is excessive if none is needed is implicit in Question 1 and was made explicit by the instructions.

Additionally, the trial judge instructed the jury that:

". . . if the defendant in the use of the quantity of force employed by him was then acting in a spirit of ill will towards the plaintiff, with maleficence and a personal desire to do bodily harm to the plaintiff, then the defendant was not acting in good faith."

This additional instruction is substantially the same as the plaintiff's requested instruction that a peace officer who acts as the aggressor is not entitled to the usual privilege afforded an officer who seeks to restore the peace.

The instructions were given in a simple and understandable manner. We see no likelihood of any jury confusion or possible prejudice by the omission of the plaintiff's request from either the special verdict questions or the instructions to the jury. The framing of a special verdict question is discretionary with the trial court; and since the material issues were covered and properly explained by the instructions, they will not be interfered with by this court. *Gilbert v. United States Fire Ins. Co.* (1970), 49 Wis. 2d 193, 206, 181 N. W. 2d 527.

Although the defendant's answer pleaded self-defense, the instruction in that regard was requested by the plaintiff and refused by the court. A self-defense instruction would benefit the defendant, not the plaintiff, and its omission is not prejudicial to the plaintiff. The relevant facts that emerge from the testimony were primarily concerned with the issue of the question of excessive force. An instruction on self-defense was not necessary.

The plaintiff also contends on this appeal that the evidence was insufficient to sustain the jury's verdict finding that the police officer did not use excessive force.

*McCluskey v. Steinhorst* (1970), 45 Wis. 2d 350, 173 N. W. 2d 148, deals with the question of the sufficiency of the evidence where there is an allegation that a peace officer used excessive force in making an arrest. The court in that case recognized that the reasonableness of the force depends upon the facts of each case and is a question to be resolved by the jury. In *McCluskey,* the jury found the force used to be unreasonable. In upholding that jury finding, we applied the usual standard that the findings of the jury will not be upset if there is any credible evidence which under any reasonable view fairly admits of an inference supporting the finding.

The test for determining the sufficiency of the evidence is stated in *Brice v. Milwaukee Automobile Ins. Co.* (1956), 272 Wis. 520, 523, 76 N. W. 2d 337, where we said:

"In determining on this appeal whether there is credible evidence to support the jury's verdict, it is only necessary to consider such testimony as sustains the finding attacked."

Under this test the record reveals sufficient evidence to support the jury's finding that Krzeminski used no more force than was necessary. Krzeminski testified that he struck the plaintiff on the arm because he believed that the plaintiff was grabbing Dale Tyree by the throat. He said that he did not hit the plaintiff on the head until after the plaintiff had struck him and after he told the plaintiff to cease resistance. Krzeminski stated that the first time he struck the plaintiff on the head he struck him but lightly and it did not appear to affect the plaintiff. He testified that, after the first blow to the head, the plaintiff kept coming and continued striking at him. It is then, the defendant claimed, that he hit the plaintiff on the head again, causing the plaintiff to fall down. If this testimony is to be believed, as it obviously was by

the jury, it is sufficient to support the finding that the police officer did not use excessive force. The testimony of the police officer was corroborated by other witnesses.

The plaintiff argues, however, that the testimony of the police officer is incredible because it is in conflict with testimony given at a pretrial deposition. Even though this be true, neither the testimony given in the deposition nor the testimony given in the trial is incredible as a matter of law. It is only inconsistent, and inconsistencies in the testimony of a witness are to be reconciled and resolved by a jury. It may choose to disbelieve either version of the testimony or make a choice of one version rather than another. *Gauthier v. State* (1965), 28 Wis. 2d 412, 417, 137 N. W. 2d 101, certiorari denied (1966), 383 U. S. 916, 86 Sup. Ct. 910, 15 L. Ed. 2d 671; and *Hibner v. Lindauer* (1963), 18 Wis. 2d 451, 454, 118 N. W. 2d 873.

The inconsistent testimony of the defendant gives rise to another claim of error. Counsel for the plaintiff in cross-examining the defendant read portions of the deposition which revealed that the defendant had testified at the trial in contradiction to the earlier deposition statements. After these discrepancies and inconsistencies in the testimony were revealed, plaintiff's counsel asked the defendant why the testimony given at trial was different than the testimony given in the deposition. At that point the defense attorney objected, stating that the answers spoke for themselves. The trial judge responded, "No. Go on, Mr. DeBardeleben." In the context of the record, the trial judge's ruling is somewhat ambiguous in that it is not clear whether his statement, "No," was in response to plaintiff's counsel's request to question the witness why there was a change in the testimony or in response to the defense counsel's objection. Thereafter, however, the record reveals that plaintiff's counsel did not again ask the witness to explain the discrepancies.

Accordingly, although it is not absolutely clear that the judge ruled out any queries in explanation of the discrepancies, it at least appears that defense counsel desisted from that line of questioning, and we assume therefore that all the parties to the proceeding, including the trial judge, understood the judge's intention to rule out that line of questioning.

Wigmore discusses a portion of the problem posed by inconsistent testimony. 3A Wigmore, *Evidence* (Chadbourn rev.), sec. 1044, p. 1062. He takes the position that, where it is apparent that defendant's testimony is inconsistent, he should be given an opportunity to explain the inconsistency. Wigmore's guiding principle in this respect is to avoid improper inferences being placed upon the fact that the testimony was inconsistent. Without an explanation, a jury could well conclude that the testimony given at trial was designedly false.[1] Accordingly, the philosophy that underlies Wigmore's position is that a witness whose inconsistencies have been pointed out should, in the interests of justice and to preserve the fact-finding process, be permitted to make an explanation. The rule is designed to benefit the witness and the party who has produced the witness.

It would appear reasonable, however, that if the witness is to be allowed to explain away inconsistencies, the opposing party should be permitted on his own volition to ask for an explanation, although ordinarily, as a

---

[1] "The contradictory statement indicates on its face that the witness has been of two minds on the subject, and therefore that there has been some defect of intelligence, honesty, or impartiality on his part; and it is conceivable that the inconsistency of the statements themselves may turn out to be superficial only, or that the error may have been based not on dishonesty or poor memory but upon a temporary misunderstanding. To this end it is both logical and just that the explanatory circumstances, if any, should be received." 3A Wigmore, *Evidence* (Chadbourn rev.), sec. 1044, p. 1062.

matter of trial strategy, it may be more prudent for counsel to permit the jury to conclude inferentially that at least one statement was false. If indeed the trial judge ruled that plaintiff's counsel was barred from asking for an explanation for the inconsistency, it was error in the same manner as it would be error for a trial judge to refuse to allow a witness to explain his inconsistent answers.

We see no prejudice to the plaintiff in the instant case. His counsel was permitted to read from the deposition and point out the discrepancies in the defendant's testimony. Such discrepancies could only be in impeachment of the witness' testimony. In the absence of an offer of proof by the plaintiff to the contrary, a statement in explanation would almost certainly have been rehabilitory of the witness' testimony. Accordingly, no prejudicial error has been demonstrated. As we said in *Neider v. Spoehr* (1969), 41 Wis. 2d 610, 618, 165 N. W. 2d 171, in discussing a trial court's error in limiting cross-examination:

"This court will not reverse unless it clearly appears that the trial court abused its discretion and that the error affected a substantial right of the complaining party and probably affected the result of the trial."

The plaintiff also argues that the court abused its discretion to the prejudice of the plaintiff when it permitted Krzeminski to wear his police uniform, bearing an American flag embroidered upon the pocket, during the course of the trial. Objection was timely made to the officer's attire. In some circumstances it might be well within the discretion of the trial court to refuse to permit an officer to appear in uniform when testifying. Particularly, that discretion might be appropriate where the testimony did not concern the officer's official duties.

In the instant case, however, the defendant was charged with the commission of a tort in the course of

his official duties; and according to the response to questions at oral argument, he was in uniform at the time of the alleged assault. The plaintiff has produced no testimony nor any relevant information that would indicate that a jury would give greater credence to a uniformed officer than to a witness not so attired. The credibility to be afforded a witness arises primarily out of the sanctity of the oath which a witness takes and the penalties for perjury that a violation of that oath carries with it, and not from the attire of the witness.

If at an appropriate proceeding it would have been possible for the plaintiff's attorney to demonstrate the probability of prejudice by permitting the witness to appear in uniform, an abuse of discretion might be shown. On the other hand, under some circumstances, depending on the local climate of the community and its attitude toward the police, it could be prejudicial to require an officer to appear in uniform. The question of prejudice arising from the attire or the uniform of a witness is a matter to be determined under the facts and circumstances of each case and the community climate existing at the time of the trial. These are matters for trial court discretion, and that discretion will be sustained unless an abuse of discretion is clearly shown. *Fanshaw v. Medical Protective Asso.* (1971), 52 Wis. 2d 234, 240, 190 N. W. 2d 155.

The plaintiff has cited no cases which hold that as a matter of law a trial judge abuses his discretion by permitting a police officer to testify while in uniform. There are, however, cases from other jurisdictions which hold that the attire of witnesses is a matter within the trial court's discretion. *United States v. Roustio* (7th Cir. 1972), 455 Fed. 2d 366, 371; *Garcia v. State* (Tex. Crim. App. 1959), 331 S. W. 2d 53, 56; *State v. Ball* (1956), 119 Vt. 306, 126 Atl. 2d 121.

From our review of the entire record, we conclude that the trial was free of prejudicial error, and that the trial was fair.

*By the Court.*—Judgment affirmed.