MARK S. GEMPELER, Corporation Counsel Waukesha County
You have asked whether sec. 51.61, Stats., the Patient's Rights Law, applies when an individual is in the custody of the sheriff for transport to, from and during an involuntary commitment hearing under sec. 51.20, Stats.
Section 51.61(1), Stats., confers certain rights upon "patients." The word "patient" is defined in the first paragraph of sec. 51.61(1), Stats., as:
 [A]ny individual who is receiving services for mental illness, developmental disabilities, alcoholism or drug dependency, including any individual who is admitted to a treatment facility in accordance with this chapter or ch. 55 or who is detained, committed or placed under this chapter or ch. 55, 971 or 975, or who is transferred to a treatment facility under s. 51.35(3) or 51.37 or who is receiving care or treatment for such conditions through the department or a board established under s. 51.42 or 51.437 or in a private treatment facility. *Page 184 
Implicit in this definition is the fact that a patient is in a physical setting appropriate to receive "services," "care" or "treatment" for the conditions enumerated in sec. 51.61(1), Stats. The concept of receiving services, treatment or care is severely strained if a person is deemed to be receiving such services, treatment or care when in the custody of the sheriff for transport to, from and during an involuntary commitment hearing.
I conclude that sec. 51.61, Stats., applies only to "patients" and that individuals in the custody of the sheriff for transport to, from and during an involuntary commitment hearing are not "patients" by reason of that custody. If persons facing an involuntary commitment hearing under sec. 51.20, Stats. (a chapter 51 detainee), have rights to be free from physical restraint, those rights are independent of sec. 51.61, Stats.
A chapter 51 detainee has the right to be free from unreasonable force asserted to keep him in custody. See Landriganv. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980); Clark v.Ziedonis, 513 F.2d 79, 80 n. 1 (7th Cir. 1975), and cases cited therein; Johnson v. Ray, 99 Wis.2d 777, 299 N.W.2d 849 (1981);Wirsing v. Krzeminski, 61 Wis.2d 513, 213 N.W.2d 37 (1973).
Clearly, a police officer may use reasonable force to maintain custody over an individual facing an involuntary commitment hearing. But, if no force is necessary, then any force at all is unreasonable. Under the circumstances here involved, I equate the use of physical restraints with the use of physical force.
The "excessive force restraint" doctrine is a species of the "least drastic alternative" principle used by the courts in such cases as Lessard v. Schmidt, 379 F. Supp. 1376 (E.D. Wis. 1974) (wherein Wisconsin's civil commitment law was found constitutionally defective in seven areas), and of the "least restrictive restraint" principle which surrounds liberty interests.
Therefore, the automatic or universal use of handcuffs or other restraints amounts to an unreasonable use of force where no restraint is required and is to that extent a violation of the rights of a chapter 51 detainee.
Second, once a detainee is present at a chapter 51 hearing, either before the court as fact-finder or before a jury under sec. 51.20(11), *Page 185 
Stats., a new interest arises. One of the primary issues in a chapter 51 hearing is whether the detainee is dangerous. The uninterrupted shackling and handcuffing of a chapter 51 detainee poses a powerful suggestion to the fact-finder that the detainee is in fact dangerous simply because of the badges of restraint he or she must wear. Such restraints act as a "constant reminder of the accused's condition . . . [that] may affect a juror's judgment." Estelle v. Williams, 425 U.S. 501, 504-05, reh. denied426 U.S. 954 (1976). For that reason, the Supreme Court has ordered that shackles and manacles may be used against an accused only as a last resort. Illinois v. Allen, 397 U.S. 337, 344
(1970). The cases are united in condemning such excessive and unfair measures. See United States v. Roustio, 455 F.2d 366,370-71 (7th Cir. 1972): Way v. United States, 285 F.2d 253,254 (10th Cir. 1960); U.S. ex rel. Boothe v. Superintendent,Etc., 506 F. Supp. 1337, 1340-42 (E.D.N.Y. 1981); State v.Staples, 99 Wis.2d 364, 373-74, 299 N.W.2d 270 (Ct.App. 1980);State v. Cassel, 48 Wis.2d 619, 623-25, 180 N.W.2d 607
(1970) (Wisconsin adoption of principles announced in Way). I see no reason to distinguish chapter 51 proceedings from the principles underlying the criminal cases just cited.
In summary, a chapter 51 detainee is entitled to the least restrictive restraint during transportation and during a hearing.
It is axiomatic that the state has an interest in providing for the security and safety of all of its citizens. A chapter 51 detainee is either alleged to be or has been found dangerous under the criteria set forth in sec. 51.20(1)(a)2., Stats. Therefore, the rights of the detainee need to be balanced against security considerations to arrive at the least restrictive amount of restraint during transport and hearings which will avoid self-inflicted physical harm or impairment to the detainee as well as protect the citizenry and the sheriff from physical harm.
This calls for a determination as to the least amount of restraint appropriate for each individual. Obviously, this must be made on a case-by-case basis; an automatic rule applying equally to all is not justified.
BCL:DJS:BAO *Page 186