**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 1, 2015*
Decided June 9, 2015

Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 14-3146 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| GERALD L. POLZIN, *Plaintiff-Appellant,* | |
| *v.* | No. 13-C-147 Rudolph T. Randa, *Judge.* |
| PETER ERICKSEN, *et al.,* *Defendants-Appellees.* | |

**Order**

Gerald Polzin contends, in this suit under 42 U.S.C. §1983, that Todd Kazik, a guard at Polzin's prison in Wisconsin, tightened his handcuffs so much that he suffered a severe injury to his wrists. The district court dismissed all defendants other than Kazik, 2013 U.S. Dist. LEXIS 60005 (E.D. Wis. Apr. 26, 2013), and after discovery granted summary judgment in Kazik's favor, 2014 U.S. Dist. LEXIS 122113 (E.D. Wis. Aug. 29, 2014).

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Polzin contends that, before escorting him to the prison library on August 1, 2010, Kazik placed him in tight restraints and rebuffed all requests to loosen them. After working in the library for 45 minutes, Polzin located another guard who loosened the cuffs. Three days later, Polzin asked for medical attention, complaining about soreness that has been diagnosed as tendinitis. Polzin blames the handcuffs; Kazik and the other defendants submitted medical evidence tending to show that tendinitis is caused by repetitive motions under stress, not by tight restraints. Defendants also observed that Polzin's medical records show that, when examined, his wrists were not bruised or discolored—which they would have been had the cuffs been as tight as Polzin asserts.

The medical evidence stands unrefuted. The absence of bruises, and the fact that tendinitis is not caused by excessive pressure as opposed to repetitive stress, require judgment in Kazik's favor on Polzin's contention that Kazik violated the Eighth Amendment by applying unnecessarily tight handcuffs.

Polzin also presents a claim of battery under Wisconsin tort law. The district court decided to exercise supplemental jurisdiction because presentation in state court would be untimely, and he rejected the claim on the merits because Kazik did not intend to harm Polzin and did not adequately plead a tort claim. These are inadequate reasons.

The applicable statute of limitations is three years. Wis. Stat. §893.57. Polzin filed this suit on February 12, 2013, less than three years after the events in question. Raising the claims in state court still would be timely, because this suit tolled the period of limitations for the purpose of state law. Wis. Stat. §893.15(3). See *Wentzka v. Gellman*, 991 F.2d 423, 426 n.3 (7th Cir. 1993). Decision in federal court thus is unnecessary.

The conclusion that Kazik did not intend to harm Polzin adopts one side of a factual dispute, which is inappropriate on summary judgment. Polzin contends that Kazik told him that another prisoner had lasted in the library only 15 minutes wearing cuffs that Kazik had placed; a trier of fact could take this statement (if Kazik made it, which he does not concede) as his acknowledgment that he deliberately tightened the cuffs excessively in order to cause pain.

In order to prevail under Wisconsin tort law, Polzin needs to show that Kazik's placement of the cuffs was unprivileged (prison guards and other public-safety officials have a qualified privilege to touch unconsenting persons) and caused injury. Wisconsin may well use standards different from those the Eighth Amendment establishes, and several Wisconsin decisions suggest that even a slight injury (such as embarrassment or upset) from an unprivileged touching by a police officer can support an award of damages. See, e.g., *Drabek v. Sabley*, 142 N.W. 2d 798, 800 (Wis. 1966); *Schulze v. Kleeber*, 103

N.W. 2d 560, 562, 564 (Wis. 1960). Whether that is equally true of prison guards is best left to the state judiciary (we could not find a case on the subject).

The district court suggested that the state-law claim is deficient because Polzin cited inapt or insufficient legal sources in his complaint. That would not affect pursuit of the subject in state court and is in any event incorrect, because federal complaints need not cite law or develop legal theories. See *Johnson v. Shelby*, 135 S. Ct. 346 (2014).

Polzin's remaining arguments do not require discussion. The judgment on his federal claims is affirmed. The judgment on the state-law claims against Kazik is vacated, and the case is remanded with instructions to relinquish supplemental jurisdiction under 28 U.S.C. §1367(c)(3).