# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP1632 & 2015AP1844 |
| COMPLETE TITLE: | Wingra Redi-Mix, Inc. d/b/a Wingra Stone Company, |
| |     Petitioner-Respondent-Cross-Appellant-Petitioner, |
| |       v. |
| | State Historical Society of Wisconsin, |
| |     Respondent-Appellant-Cross-Respondent, |
| | Ho-Chunk Nation, |
| |     Intervenor-Co-Appellant-Cross-Respondent. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 377 Wis. 2d 727, 902 N.W.2d 808
(2017 – unpublished)

| | |
|---|---|
| OPINION FILED: | May 22, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | April 17, 2018 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Dane |
|   JUDGE: | John C. Albert |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | ABRAHAMSON, J., concurs (opinion filed). |
|   DISSENTED: | |
|   NOT PARTICIPATING: | KELLY, J., withdrew from participation. |

ATTORNEYS:

For the petitioner-respondent-cross-appellant-petitioner, there were briefs filed by *Bryan K. Nowicki*, *John H. Zawadsky*, *Brittany Lopez Naleid*, *Amy L. MacArdy*, and *Reinhart Boerner Van Deuren S.C.*, Milwaukee. There was an oral argument by *Bryan K. Nowicki.*

For the respondent-appellant-cross-respondent, there was a brief filed by *Thomas C. Bellavia*, assistant attorney general, and *Brad D. Schimel*, attorney general. There was an oral argument by *Thomas C. Bellavia*, assistant attorney general.

For the intervenor-co-appellant-cross-respondent, there was a brief filed by *Amanda L. WhiteEagle* and *Ho-Chunk Nation Dep't of Justice*, Black River Falls, with whom on the brief were *Howard M. Shanker* and *The Shanker Law Firm*, *PLC*, Tempe, Arizona. There was an oral argument by *Howard M. Shanker*.

**2018 WI 55**

No. 2015AP1632 & 2015AP1844
(L.C. No. 2014CV2262)

STATE OF WISCONSIN : IN SUPREME COURT

Wingra Redi-Mix, Inc. d/b/a Wingra Stone
Company,

     Petitioner-Respondent-Cross-
Appellant-Petitioner,

    v.

State Historical Society of Wisconsin,

     Respondent-Appellant-Cross-
Respondent,

Ho-Chunk Nation,

     Intervenor-Co-Appellant-Cross-
Respondent.

NOTICE

**This opinion is subject to further
editing and modification.  The final
version will appear in the bound
volume of the official reports.**

**FILED**

**MAY 22, 2018**

Sheila T. Reiff
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals.  *Affirmed.*

¶1   PER CURIAM.   The decision of the court of appeals is affirmed by an equally divided court.

¶2   DANIEL KELLY, J., withdrew from participation.

¶3 SHIRLEY S. ABRAHAMSON, J. *(concurring).* As I did last term in Smith v. Kleynerman,[1] I write separately to preserve institutional and historical memory.

¶4 In the instant case, the court is equally divided on the question of whether the unpublished decision of the court of appeals[2] should be affirmed or reversed. The per curiam opinion does not list the names and votes of the participating justices.

¶5 In Kleynerman, an opinion issued on March 21, 2017, I catalogued 115 of this court's cases from 1885 through 2016 in which the names and votes of the participating justices were presented and 26 cases from 1849 through 2016 in which the names and votes of the participating justices were not presented.

¶6 Since Kleynerman, a total of two cases (including Kleynerman) have resulted in an equally divided court.[3] The court did not present the names and votes of the participating justices in either case. In the instant case and its companion,[4] the court continues to deviate from the court's historical

---

[1] Smith v. Kleynerman, 2017 WI 22, 374 Wis. 2d 1, 892 N.W.2d 734.

[2] Wingra Redi-Mix, Inc. v. State Historical Soc'y of Wisconsin, Nos. 2015AP1632 & 2015AP1844, unpublished slip op. (Wis. Ct. App. July 31, 2017).

[3] Smith v. Kleynerman, 2017 WI 22, 374 Wis. 2d 892 N.W.2d 734 (on appeal); P'ship Health Plan, Inc. v. Office of Comm'r of Ins., 2018 WI 1, 379 Wis. 2d 56, 905 N.W.2d 122 (on appeal).

[4] Wingra Redi-Mix, Inc. v. Burial Sites Preservation Bd., No. 2014AP2498, unpublished slip op. (Wis. Ct. App. July 31, 2017).

practice by failing to present the names and votes of the participating justices.  The court has still provided no explanation for its change in practice.

¶7  Although the dominant practice has been to list the names and votes of the participating justices, this court's historical practice has been inconsistent, and there is no established rule resolving the issue.[5]

¶8  My view is that the court should consistently report the names and votes of the participating justices in the event of a tie vote.  Such a practice advances the important goal of transparency in government and is consistent with every other opinion of this court in which the vote of each participating justice is known to the public.

¶9  For the foregoing reasons, I write separately.

_____

[5] I do note, however, that The Wisconsin Supreme Court Style and Procedures Manual contains a section entitled "Examples of Per Curiam Opinions where court is equally divided[.]"  The only two examples listed are both cases in which the names and votes of the participating justices are presented.