# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP493 |
| COMPLETE TITLE: | Ann Cattau, Thomas M. Beck, Linda Beckwith, Ardyth Bergstrom, Vicki Christman, Gail W. Cismoski,Kathleen A. Curtis, Janice DeMenter, John Dobbins, Elsie Evenson, Kris Grasley, Gary Haffeman, Kristine Haffeman, Kathy J. Hager, Gail Harrmann, Joann Harrell, Mary Louise Hildebrandt, Lexann Hitchcock, Jo Anne Holden, Karla M. Huston, Susan R. Johnson, Mary K. Jones, Dorothi A. Karisny, Chuck Knoeck, Lawrence H. Krebs, Diane D. Krueger, Helen L. Kurka, Judith J. Kurka Nagel, James Lantz, Jane E. Lantz, Thomas Marzahl, Mary Joy Mayer, Marjorie R. Murphy, Bruce C. Nufer, Anna P. Olson, Sharon O'Reilly, Patricia Ormston, Mark Peerenboom, Sue Peterson, James S. Piepenbrink, Anna Mae Prem, Jane Reimer, Mary J. Resch, Cynthia A. Rieck, Dianne Roth, Lucy Rumpf, Susan M. Schug, David K. Sebora, Suann M. Senso, Karla Sheehan, Sandra L. Smith, Robin L. Snell, Mary C. Tieman, Teresa D. Walotka, Patricia M. Waskawic, Mindy Weichmann, Susan Westphal, Vicki Wippich, Christine Wollerman, James A. Zipple and Levern J. Zwirchitz, <br><br>    Plaintiffs-Appellants-Petitioners, <br>James Shipman, <br><br>    Plaintiff, <br><br>  v. <br>National Insurance Services of Wisconsin, Inc. and MidAmerica Administrative & Retirement Solutions, Inc., <br><br>    Defendants-Respondents, <br>Neenah Joint School District and Community Insurance Corporation, <br><br>    Intervenors-Respondents. |
| | REVIEW OF DECISION OF THE COURT OF APPEALS <br>Reported at 383 Wis. 2d 600,918 N.W.2d 127 <br>(2018 – unpublished) |
| OPINION FILED: | April 30, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 18, 2019 |
| SOURCE OF APPEAL: | |
|  COURT: | Circuit |
|  COUNTY: | Winnebago |

JUDGE:           John A. Jorgensen

JUSTICES:
  CONCURRED:
  DISSENTED:
  NOT PARTICIPATING:   ABRAHAMSON, J. did not participate.

ATTORNEYS:

For the plaintiffs-appellants-petitioners, there was a brief filed by *Charles J. Hertel*, *Heath G. Mynsberge*, and *Dempsey Law Firm, LLP*, Oshkosh. There was an oral argument by *Heath G. Mynsberge*.

For the defendants-respondents, there was a brief filed by *Joseph L. Olson*, *Mark A. Lotito*, and *Michael Best & Friedrich LLP*, Milwaukee. There was an oral argument by *Joseph L. Olson*.

For the intervenor-respondent Community Insurance Corporation, there was a brief filed by *Lori M. Lubinsky*, *Michael D. Hahn*, and *Axley Brynelson, LLP*, Madison.

For the intervenor-respondent Neenah Joint School District, there was a brief filed by *Ronald Stadler*, *Jonnathan Sacks*, and *Mallery & Zimmerman, s.c.*, Milwaukee.

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No. 2016AP493

(L.C. No. 2013CV1149)

STATE OF WISCONSIN : IN SUPREME COURT

Ann Cattau, Thomas M. Beck, Linda Beckwith, Ardyth Bergstrom, Vicki Christman, Gail W. Cismoski, Kathleen A. Curtis, Janice DeMenter, John Dobbins, Elsie Evenson, Kris Grasley, Gary Haffeman, Kristine Haffeman, Kathy J. Hager, Gail Harrmann, Joann Harrell, Mary Louise Hildebrandt, Lexann Hitchcock, Jo Anne Holden, Karla M. Huston, Susan R. Johnson, Mary K. Jones, Dorothi A. Karisny, Chuck Knoeck, Lawrence H. Krebs, Diane D. Krueger, Helen L. Kurka, Judith J. Kurka Nagel, James Lantz, Jane E. Lantz, Thomas Marzahl, Mary Joy Mayer, Marjorie R. Murphy, Bruce C. Nufer, Anna P. Olson, Sharon O'Reilly, Patricia Ormston, Mark Peerenboom, Sue Peterson, James S. Piepenbrink, Anna Mae Prem, Jane Reimer, Mary J. Resch, Cynthia A. Rieck, Dianne Roth, Lucy Rumpf, Susan M. Schug, David K. Sebora, Suann M. Senso, Karla Sheehan, Sandra L. Smith, Robin L. Snell, Mary C. Tieman, Teresa D. Walotka, Patricia M. Waskawic, Mindy Weichmann, Susan Westphal, Vicki Wippich, Christine Wollerman, James A. Zipple and Levern J. Zwirchitz,

      Plaintiffs-Appellants-Petitioners,

James Shipman,

      Plaintiff,

   v.

National Insurance Services of Wisconsin, Inc. and MidAmerica Administrative & Retirement Solutions, Inc.,

**FILED**

**APR 30, 2019**

Sheila T. Reiff
Clerk of Supreme Court

                    **Defendants-Respondents,**

**Neenah Joint School District and Community Insurance**

**Corporation,**

                    **Intervenors-Respondents.**

_____

        REVIEW of a decision of the Court of Appeals.  *Affirmed*.


        ¶1   PER CURIAM.   We review an unpublished decision of the court of appeals[1] affirming an order of the circuit court that dismissed plaintiffs' claims.[2]  Plaintiffs, a group of 61 retired Neenah teachers and administrators, sued MidAmerica Administrative & Retirement Solutions, Inc. (MidAmerica) and National Insurance Services of Wisconsin, Inc. (NIS).  MidAmerica and NIS moved to dismiss for failure to state a claim upon which relief may be granted.  The plaintiffs attempted to plead breach of fiduciary duty, negligent misrepresentation, strict responsibility misrepresentation, and negligence, all arising from MidAmerica and NIS's alleged mismanagement of their retirement benefits.

---

[1] Cattau v. Nat'l Ins. Servs. of Wis., Inc., No. 2016AP493, unpublished slip op. (Wis. Ct. App. June 13, 2018).

[2] The Honorable John A. Jorgenson of Winnebago County presided.

2

¶2 The court of appeals affirmed the circuit court's dismissal of plaintiffs' claims against MidAmerica and NIS. The court of appeals held that our decision in Data Key Partners v. Permira Advisers LLC, 2014 WI 86, 356 Wis. 2d 665, 849 N.W.2d 693, created a new, heightened pleading standard in Wisconsin, and that under this new standard, plaintiffs had failed to state a claim upon which relief may be granted.

¶3 We granted review and unanimously conclude that our decision in Data Key did not change Wisconsin's pleading standard as previously articulated in Strid v. Converse, 111 Wis. 2d 418, 422-23, 331 N.W.2d 350 (1983). Accordingly, we reverse the decision of the court of appeals in this regard. However, notwithstanding that unanimous conclusion, we are equally divided as to whether the plaintiffs have stated a claim upon which relief may be granted against MidAmerica or NIS based on the Data Key/Strid standard. Therefore, the decision of the court of appeals is affirmed by an equally divided court. Wingra Redi-Mix, Inc. v. Burial Sites Pres. Bd., 2018 WI 54, ¶1, 381 Wis. 2d 601, 912 N.W. 392.

¶4 To explain further, the pleading standard we set out in Data Key is consistent with the pleading standard in Strid, and is grounded in Wis. Stat. § 802.02(1)(a)'s (2017-18) requirement that a complaint contain "[a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief." When determining whether a complaint states a claim

3

upon which relief may be granted, courts must "accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom." Data Key, 356 Wis. 2d 665, ¶19 (citation omitted). "If the facts reveal an apparent right to recover under any legal theory, they are sufficient as a cause of action." Strid, 111 Wis. 2d at 423 (citation omitted).

¶5 While courts must accept all well-pleaded facts as true, courts cannot add facts to a complaint, and do not accept as true legal conclusions that are stated in the complaint. Data Key, 356 Wis. 2d 665, ¶19. For this reason, "a formulaic recitation of the elements of a cause of action" is not enough to state a claim upon which relief may be granted. Id., ¶25.

¶6 "[T]he sufficiency of a complaint depends on substantive law that underlies the claim made because it is the substantive law that drives what facts must be pled." Id., ¶31. If proof of the well-pleaded facts in a complaint would satisfy each element of a cause of action, then the complaint has stated a claim upon which relief may be granted. Id., ¶21; see also Strid, 111 Wis. 2d at 422-23 ("It is the sufficiency of the facts alleged that control the determination of whether a claim for relief is properly plead.").

¶7 The defendants argue that by setting out the pleading standard employed by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), we changed Wisconsin's pleading standard to a heightened "plausibility" standard. However, as we explained in Data Key, we interpret the Supreme Court's decision in Twombly as being consistent with

4

Strid. <u>Data Key</u>, 356 Wis. 2d 665, ¶30. Therefore, <u>Data Key</u> controls Wisconsin's pleading standard and it reaffirmed <u>Strid</u>. <u>Id.</u>

¶8 Accordingly, because we unanimously conclude that our decision in <u>Data Key</u> did not change Wisconsin's pleading standard as previously articulated in <u>Strid</u>, we reverse the decision of the court of appeals' interpretation of <u>Data Key</u>. However, notwithstanding our unanimous conclusion, we are equally divided as to whether the plaintiffs have stated a claim upon which relief may be granted against MidAmerica or NIS based on the <u>Data Key/Strid</u> standard. Therefore, the decision of the court of appeals is affirmed by an equally divided court. <u>Wingra Redi-Mix</u>, 381 Wis. 2d 601, ¶1.

*By the Court.*—The decision of the court of appeals is affirmed.

¶9 SHIRLEY S. ABRAHAMSON, J., withdrew from participation before oral argument.