COURT OF APPEALS
DECISION
DATED AND FILED

October 14, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2021AP869**
**2021AP870**
**STATE OF WISCONSIN**

Cir. Ct. Nos. **2021CX1**
**2021CX1A**

**IN COURT OF APPEALS**
**DISTRICT IV**

---

**NO. 2021AP869**

**COUNTY OF DANE,**

　　**PLAINTIFF-APPELLANT,**

　V.

**MARY JO JOHNSON,**

　　**DEFENDANT-RESPONDENT.**

---

**NO. 2021AP870**

**COUNTY OF DANE,**

　　**PLAINTIFF-APPELLANT,**

　V.

**TCOB2 IRREVOCABLE TRUST,**

　　**DEFENDANT-RESPONDENT.**

---

APPEALS from a judgment and an order of the circuit court for Dane County: MARIO WHITE, Judge. *Reversed and cause remanded for further proceedings*.

¶1 KLOPPENBURG, J.[1] Dane County sued Mary Jo Johnson and TCOB2 Irrevocable Trust, seeking injunctive relief and forfeitures for the alleged conveyance of property by Johnson to the Trust in violation of County ordinances governing minimum lot sizes and the preparation of certified survey maps. The County argues that the circuit court erroneously dismissed the complaint for failure to state a claim on which relief can be granted. I agree and, therefore, reverse and remand for further proceedings.

## BACKGROUND

¶2 The complaint alleges as follows. All well-pleaded facts in a complaint must be accepted as true on a motion to dismiss. *Cattau v. National Ins. Servs. of Wis.*, 2019 WI 46, ¶4, 386 Wis. 2d 515, 926 N.W.2d 756.

¶3 Dane County is responsible for zoning and land division enforcement in the Town of Albion.

---

[1] These appeals were consolidated for briefing and disposition pursuant to this court's order and are decided by one judge pursuant to WIS. STAT. § 752.31(2)(g) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Consistent with this court's consolidation order, Mary Jo Johnson and the TCOB2 Irrevocable Trust jointly filed one respondents' brief. In this opinion I will refer to the respondents individually as Johnson and the Trust in their capacities as grantor and grantee of the conveyance alleged in the complaint, and to the respondents collectively as Johnson when discussing the motion to dismiss in the circuit court and the joint arguments on appeal.

¶4     Johnson granted real property in the Town of Albion to the Trust in a quitclaim deed dated December 10, 2019, a copy of which is attached to the complaint. The quitclaim deed created and conveyed four parcels, all of which are in the FP-35 zoning district and three of which are smaller than 35 acres, without a certified survey map.

¶5     The December 10, 2019 conveyance violates Dane County Code of Ordinances (DCO) § 10.222(4)(a), which requires a minimum lot size of 35 acres in the FP-35 zoning district.

¶6     The December 10, 2019 conveyance violates DCO § 75.17(1)(a), which requires that a land divider who creates fewer than five parcels "of 35 acres each or less" prepare a certified survey map.[2]

¶7     The above-described violations "are injurious to public health, safety, and the general welfare of the citizens of Dane County."

¶8     The complaint requests injunctive relief and forfeitures for the above-described violations.

¶9     After the County filed the complaint, Johnson moved to dismiss the complaint for failure to state a claim on which relief can be granted. Specifically, Johnson argued that WIS. STAT. § 66.10015 "prohibits Dane County from enacting or enforcing an ordinance which forbids conveying a substandard lot." The circuit court agreed and dismissed the complaint.

---

[2] The complaint refers to this ordinance as WIS. STAT. § 75.17(a), but the parties do not argue that this discrepancy in the complaint matters on appeal.

¶10    The County appeals.

## DISCUSSION

¶11    This case was decided on Johnson's motion to dismiss. I first summarize the standard of review, next explain why I conclude that the allegations in the complaint plausibly suggest that the County is entitled to relief, and then address and reject Johnson's arguments to the contrary.

### I. Standard of Review

¶12    This court reviews de novo the legal question of whether a complaint states a claim on which relief can be granted. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693. "Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom," in favor of the party against whom the motion is brought. *Id.*, ¶19 (citing *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶11, 283 Wis. 2d 555, 699 N.W.2d 205); *Preston v. Meriter Hosp., Inc.*, 2005 WI 122, ¶13, 284 Wis. 2d 264, 700 N.W.2d 158. This court does not add facts when analyzing the sufficiency of the complaint, nor does this court accept as true any legal conclusions it states. *Data Key Partners*, 356 Wis. 2d 665, ¶19. To survive a motion to dismiss, a complaint "must allege facts that, if true, plausibly suggest a

violation of applicable law." *Id.*, ¶21; *see also* WIS. STAT. § 802.02(1)(a) (complaint must show "that the pleader is entitled to relief.").[3]

## DISCUSSION

¶13     To repeat, the complaint alleges that Johnson created and conveyed to the Trust, via the 2019 quitclaim deed, four parcels, all of which are in the FP-35 zoning district and three of which are smaller than 35 acres, without a certified survey map.

¶14     The complaint alleges that DCO § 10.222(4)(a) requires a minimum lot size of 35 acres in the FP-35 zoning district. The complaint also alleges that DCO § 75.17(1)(a) requires that a land divider who creates fewer than five parcels "of 35 acres each or less" prepare a certified survey map. More specifically, the complaint alleges that § 75.17(1)(a) provides that a certified survey map is required for any "land division," which is defined in DCO § 75.06(6) as a division of a parcel of land "which creates less than five lots, parcels or building sites of 35 acres each or less in area regardless of whether the act of division also creates one or more lots, parcels or building sites on 35 or more."

---

[3] Consistent with this standard of review, I do not consider the parties' references in their briefs to facts and documents outside of the complaint. Instead, I rely entirely on the complaint's factual allegations, including the quitclaim deed attached to the complaint referenced in those allegations, and the reasonable inferences arising from those allegations. *See Peterson v. Volkswagen of Am., Inc.*, 2005 WI 61, ¶15, 281 Wis. 2d 39, 697 N.W.2d 61 (quoting *Friends of Kenwood v. Green*, 2000 WI App 217, ¶11, 239 Wis. 2d 78, 619 N.W.2d 271) ("[W]hen a document is attached to the complaint and made part thereof, it must be considered a part of the pleading, and may be resorted to in determining the sufficiency of the pleadings.").

¶15    I conclude that these allegations suffice to plausibly suggest that the 2019 conveyance violates these two ordinances.  I now address Johnson's arguments to the contrary.

¶16    Johnson does not dispute that the complaint sufficiently alleges that the parcels at issue are substandard.  The gravamen of Johnson's position on appeal is that the complaint fails to state a claim because it does not allege facts showing that the three substandard parcels were created after the enactment of the zoning ordinances at issue.  This matters because, as Johnson explains, WIS. STAT. § 66.10015 precludes county enforcement of zoning ordinances that bar the conveyance of a substandard lot that "met any applicable lot size requirements when it was created," meaning here, that existed before the enactment of the ordinances regulating lots smaller than 35 acres.[4]  Sec. § 66.10015(2)(e)1., and (1)(e).  As I explain, Johnson's arguments in support of this position lack merit.

¶17    Johnson generally argues that the allegations do not state a violation of the two ordinances because the ordinances apply to conveyances that "create" substandard lots or parcels and there is no allegation "that the parcels did not exist prior to the time of the [2019] conveyance," that is, "that the parcels were created by the [2019] deed."  However, the complaint does allege that the 2019 quitclaim deed created the parcels.  Similarly, Johnson argues that the complaint "does not allege that the parcels involved were *never* legally created."  Whether the parcels were not legally created because they were created in 2019 as alleged or at some

---

[4] Johnson asserts that the County enacted the ordinance requiring a certified survey map in 1998 and the County does not contest this assertion in reply.  Neither party states when the County enacted the minimum lot size ordinance.  The precise date that either ordinance was enacted does not matter to the analysis that follows.

other time after the enactment of the zoning ordinances at issue, requires factual development and is to be tested by the application of the pertinent law to whatever facts are established on summary judgment or at trial.[5]

¶18     Johnson argues that because the parcels are identified in the 2019 quitclaim deed by tax parcel number, the parcels already existed at the time of the 2019 conveyance and, therefore, must have existed before the ordinances at issue were enacted. However, as already stated, the complaint alleges that the quitclaim deed created the parcels. If so, then each parcel did not meet "applicable lot size requirements when it was created," WIS. STAT. § 66.10015(1)(e), and is not covered by § 66.10015. Whether that allegation, or whether Johnson's assertion that the parcels were created some time before the enactment of the zoning ordinances at issue, is correct is to be tested on summary judgment or at trial.

¶19     Johnson argues that it can be assumed that the parcels existed before the date when the ordinances were enacted, because CCAP reveals no prior enforcement action against Johnson under the ordinances. However, this assumption strays from the allegations in the complaint, and, as already stated, is a factual question to be tested on summary judgment or at trial.

¶20     Johnson argues that the parcels were conveyed before the County enacted the ordinance requiring preparation of a certified survey map because the parcels have metes and bounds descriptions. However, the 2019 quitclaim deed

---

[5] Johnson asserts without explanation or citation to any legal authority that whether the 2019 conveyance created the parcels is a legal question; I do not consider this assertion further. *See* ***W.H. Pugh Coal Co. v. State***, 157 Wis. 2d 620, 634, 460 N.W.2d 787 (Ct. App. 1990) (we do not consider arguments unsupported by legal authority); ***M.C.I., Inc. v. Elbin***, 146 Wis. 2d 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988) (We need not consider arguments which are "unexplained and undeveloped.").

does not identify the parcels by metes and bounds descriptions. The phrase "metes and bounds" means "the boundaries or limits of a tract of land especially as described by reference to lines and distances between points on the land." *Metes and bounds*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/legal/metes%20and%20bounds (last visited Oct. 7, 2021); *see also AKG Real Estate, LLC v. Kosterman*, 2006 WI 106, ¶16 n.5, 296 Wis. 2d 1, 717 N.W.2d 835 ("A metes and bounds description defines a parcel by describing the courses and directions of its boundaries …."). The 2019 quitclaim deed contains descriptions by quarter sections but no reference to "courses and directions" or "lines and distances between points." *See Chandelle Enterprises, LLC v. XLNT Dairy Farm, Inc.*, 2005 WI App 110, ¶14, 282 Wis. 2d 806, 699 N.W.2d 241 (distinguishing between "descriptions by quarters" and "descriptions by metes and bounds"). *See also* WIS. STAT. §§ 893.24(2) and 236.34(1m)(d)2. (requiring that land be described by quarter-quarter section, township, range, and county, and by "metes and bounds" commencing with a monument or corner). And, even if the quitclaim deed did describe the parcels by metes and bounds, Johnson does not explain why that means the parcels were created before the enactment of the certified survey map ordinance.

¶21 In sum, I conclude that the allegations in the complaint "plausibly suggest" a violation of the County ordinances and that Johnson fails to show to the contrary. *See Data Key Partners*, 356 Wis. 2d 665, ¶21 (to defeat motion to dismiss, complaint "must allege facts that, if true, plausibly suggest a violation of applicable law.").

## CONCLUSION

¶22 For the reasons stated, the circuit court erroneously dismissed the complaint for failure to state a claim on which relief can be granted.

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.