COURT OF APPEALS
DECISION
DATED AND FILED

May 2, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1519**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV367

IN COURT OF APPEALS
DISTRICT IV

---

PHILIP R. MARKUNAS,

PLAINTIFF-APPELLANT,

V.

VILLAGE OF LAKE DELTON, VILLAGE OF LAKE DELTON POLICE DEPARTMENT, KEVIN D. SORENSON, AUSTIN M. STODDARD, AND TYLER P. BONGARD,

DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Sauk County: MICHAEL P. SCRENOCK, Judge. *Affirmed*.

Before Blanchard, Graham, and Taylor, JJ.

¶1 GRAHAM, J. Philip Markunas appeals a circuit court order dismissing his complaint against three Village of Lake Delton police officers for failure to state a claim upon which relief can be granted. *See* WIS. STAT.

§ 802.06(2)(a)6. (2021-22).[1]  Markunas argues that the court erroneously applied a heightened pleading standard when assessing the sufficiency of his complaint.  He contends that, under the notice pleading standard set forth in WIS. STAT. § 802.02(1)(a), the complaint states federal claims against the officers under 42 U.S.C. § 1983 for unreasonable seizure and using excessive force, and the complaint also states common law claims for battery and negligence.  We disagree and affirm the court's order.

## BACKGROUND

¶2      When considering a motion to dismiss, a court accepts as true all well-pled facts in a complaint and all reasonable inferences to be drawn from those facts.  *Cattau v. National Ins. Servs. of Wis.*, 2019 WI 46, ¶4, 386 Wis. 2d 515, 926 N.W.2d 756.  The facts stated here and throughout this opinion are taken from Markunas's amended complaint, which is the operative pleading for purposes of this appeal, and which we refer to as the "complaint."[2]

¶3      The incident that is the subject of the complaint occurred in the Village of Lake Delton "on or about November 8, 2020, at 4:50 p.m."  The complaint makes the following allegations to support Markunas's legal claims

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version.

[2] There are materials in the appellate record that provide additional factual details about the incident that is the subject of Markunas's complaint.  More specifically, the defendants filed the dash camera footage of the incident along with their motion to dismiss, and Markunas filed police reports from the incident along with his response to the motion.  The circuit court declined to incorporate these materials by reference when ruling on the motion to dismiss, *see Soderlund v. Zibolski*, 2016 WI App 6, ¶37, 366 Wis. 2d 579, 874 N.W.2d 561 (2015), nor did the court convert the motion into one for summary judgment, *see* WIS. STAT. § 802.06(2)(b).  Therefore, the court did not consider these additional materials in ruling on the motion.  Neither party challenges those decisions by the circuit court on appeal and, like the circuit court, we confine our review to the facts alleged in the complaint.

against Kevin Sorenson, Austin Stoddard, and Tyler Bongard, who were police officers employed by the Village and on duty at that time.

¶4    At the time of the incident, Markunas "was the operator of a motorcycle traveling at or near the intersection of North Burritt Avenue and West Munroe Avenue."  "[B]y means of physical force and show of authority," the officers "terminated and/or restrained" Markunas's "freedom of movement and/or liberty."  The officers did so "in such a manner that resulted in an unreasonable seizure of [Markunas's] person."  The officers "attacked and/or used excessive force" on Markunas, and "subjected" him to "unreasonable force."  The officers' actions were "contrary to how reasonable … officers would act in the given circumstance."

¶5    The complaint further alleges that the officers' actions "were the direct and proximate cause of the injuries and damages" that Markunas sustained.  Specifically, Markunas "sustained injuries to his body" and suffered "pain" and "emotional distress" as a result of the officers' actions.  He "was required to seek medical attention," and "may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention."  For a period of time, Markunas "was unable to maintain his employment" or "engage in his normal activities," and may "continue to be so restricted."

¶6    The complaint alleges that the officers are liable under 42 U.S.C. § 1983 for making an unreasonable seizure and using excessive force, and for the

common law torts of battery and negligence.[3]  The officers moved to dismiss the complaint for failure to state a claim.  After reviewing the parties' briefs, the circuit court concluded that the complaint should be dismissed because Markunas fails to allege sufficient facts to support his claims.  Markunas appeals.[4]

## DISCUSSION

¶7    "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted).  On appeal, we review de novo the circuit court's determination that Markunas's complaint fails to state a claim. *Id.*, ¶17.  We begin by setting forth the pertinent legal standards, and we then apply those standards to the allegations in the complaint.

### I.

¶8    WISCONSIN STAT. § 802.02(1), which sets forth the notice pleading standard in Wisconsin, provides that a complaint must contain "[a] short and plain

---

[3] Markunas's complaint also named the Village and its police department as defendants. In his brief opposing the defendants' motion to dismiss, Markunas voluntarily dismissed his causes of action against those two defendants, as well as a standalone claim that the complaint purported to make against all defendants for punitive damages.  As a result of the voluntary dismissal, the remaining claims at issue in this appeal are the federal civil rights and common law claims identified above against the officers in their individual capacities.

[4] The parties' appellate briefs do not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs.  *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover").  This rule was amended in 2021, *see* S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021), because briefs are now electronically filed in PDF format and electronically stamped with page numbers when they are accepted for efiling.  As our supreme court explained when it amended the rule, the pagination requirement ensures that the numbers on each page of the brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief.  S. CT. ORDER 20-07 cmt. at x1.

statement of the claim, identifying the … occurrence … out of which the claim arises and showing that the pleader is entitled to relief."[5]  § 802.02(1)(a).  Our supreme court elaborated on the meaning of this standard in *Strid v. Converse*, 111 Wis. 2d 418, 331 N.W.2d 350 (1983), and more recently in *Data Key Partners*, 356 Wis. 2d 665, and *Cattau*, 386 Wis. 2d 515.[6]

¶9      As these cases explain, "a complaint must plead facts that, if true, would entitle the plaintiff to relief" for a violation of applicable law.  *Data Key Partners*, 356 Wis. 2d 665, ¶21 (citing *Strid*, 111 Wis. 2d at 422-23).  To satisfy this standard, the complaint must provide "more than labels and conclusions," and more than a "formulaic recitation of the elements of a cause of action."  *Data Key Partners*, 356 Wis. 2d 665, ¶37 (citation omitted); *see also Cattau*, 386 Wis. 2d 515, ¶5.  It must instead plead facts, and a complaint states a claim "if proof of [its] well-pleaded facts … would satisfy each element of a cause of action."  *Cattau,* 386 Wis. 2d 515, ¶6 (citing *Data Key Partners*, 356 Wis. 2d 665, ¶21); *see also Strid*, 111 Wis. 2d at 422-23 ("[T]he sufficiency of the facts alleged … control the determination of whether a claim for relief is properly ple[]d.").

¶10     We draw two guiding principles from these cases.

---

[5] The parties agree that the notice pleading standard set forth in WIS. STAT. § 802.02(1) applies to Markunas's claims.  Other types of claims, including claims involving fraud, are governed by a different "heightened" pleading standard set forth in WIS. STAT. § 802.03.  The parties agree that § 802.03 is not at issue in this case.

[6] In *Cattau*, our supreme court clarified that *Data Key* is consistent with and did not overrule the pleading standard articulated in *Strid v. Converse*, 111 Wis. 2d 418, 331 N.W.2d 350 (1983).  *See Cattau v. National Ins. Servs. of Wis., Inc.*, 2019 WI 46, ¶7, 386 Wis. 2d 515, 926 N.W.2d 756.

¶11 First, it is important to distinguish between the factual allegations and the legal conclusions that are pled in a complaint. *Data Key Partners*, 356 Wis. 2d 665, ¶19. This is so because it is the factual allegations, rather than any legal conclusions, that we evaluate to determine whether a complaint states a claim. *Id.* ("[W]e accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom."); *id.*, ¶25 ("[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." (citation omitted)); *id.*, ¶21 ("Bare legal conclusions set out in a complaint provide no assistance in warding off a motion to dismiss.").

¶12 Second, when determining whether the factual allegations state a claim, we measure those allegations against the substantive legal standards that govern the claim. *See id.*, ¶31 ("[T]he sufficiency of a complaint depends on [the] substantive law that underlies the claim made because it is the substantive law that drives what facts must be pled."); *see also Strid*, 111 Wis. 2d at 423-24 (comparing the factual allegations in the complaint to the elements of malicious prosecution); *id.* at 426-27 (comparing the factual allegations in the complaint to the elements of abuse of process).

¶13 Although Markunas mentions these concepts in passing in his appellate briefing, he does not evaluate his complaint in light of these principles. He instead pivots to other language from the cited cases to argue that his complaint is sufficient.

¶14 Markunas first cites *Strid* to support the proposition that even "skeletal" claims can survive a motion to dismiss. *See Strid*, 111 Wis. 2d at 427 (concluding that the complaint "stated a claim—although skeletal—for abuse of process"). We do not as a general matter disagree with this proposition, but it

6

requires further explanation. To the extent that a complaint alleges facts that would, if true, satisfy the elements of a cause of action, or facts from which reasonable inferences could be drawn that would satisfy the elements of a cause of action, then the claim, although "skeletal," will survive a motion to dismiss. If, on the other hand, the complaint alleges legal conclusions couched as facts, then, as we have discussed, the complaint does not state a claim. In other words, barebones factual allegations that amount to the skeleton of a cause of action may suffice to state a claim, but bare legal conclusions will never state a claim, not even a "skeletal" one.

¶15 Markunas also focuses on a footnote in *Data Key*, which seeks to clarify what constitutes a "factual assertion." *Data Key Partners*, 356 Wis. 2d 665, ¶21 n.9. That footnote states: "Factual assertions are evidenced by statements that describe: 'who, what, where, when, why, and how.'" *Id.* (citing *State v. Allen*, 2004 WI 106, ¶23, 274 Wis. 2d 568, 682 N.W.2d 433). Relying on this footnote, Markunas argues that his complaint is sufficient because it describes the "who, what, where, when, why, and how" of the occurrence that gave rise to his claims. This footnote from *Data Key* does not, as Markunas appears to argue, supplant the guiding principles set forth above. That is, a plaintiff cannot avoid pleading facts that would satisfy the elements of a cause of action by merely pleading facts that describe some aspects of the who, what, where, when, why, and how of a transaction or occurrence, but that do not align with the elements of a cause of action. As stated, "the sufficiency of a complaint depends on [the] substantive law that underlies the claim made because it is the substantive law that drives what facts must be pled." *Data Key Partners*, 356 Wis. 2d 665, ¶31.

## II.

¶16 We now turn to Markunas's complaint, applying the guiding principles set forth above. It is true that Markunas's complaint is "not completely devoid of facts." *See id.*, ¶44. Based on the complaint, we can reasonably infer that Markunas was riding his motorcycle in the Village, that he was stopped by one or more of the officers, that some or all of the officers used force against him at some point during the traffic stop and may have arrested him, and that he incurred unspecified injuries.

¶17 However, the remainder of the complaint is comprised of bare legal conclusions about what transpired during the traffic stop. The complaint alleges that the seizure of Markunas was "unreasonable," that the force used was "excessive," and that the officers' actions were "contrary to how reasonable officers would act in the given circumstance." As we now explain, these allegations merely recite the legal standards that Markunas would be required to satisfy to succeed on his claims—they do not identify any facts that, if true, would satisfy those legal standards. Accordingly, as discussed more thoroughly below, these allegations are bare legal conclusions, and are insufficient to survive the officers' motion to dismiss. *Id.*, ¶19 ("[L]egal conclusions stated in the complaint are not accepted as true, and they are insufficient to enable a complaint to withstand a motion to dismiss.").

¶18 We begin with Markunas's claims under 42 U.S.C. § 1983, which provides a civil cause of action against any person who, acting "under color of [law]," deprives another person of "any rights, privileges or immunities secured by the Constitution and laws." To prevail on his § 1983 claims, Markunas must demonstrate, among other things, that the officers' conduct deprived him of any

8

"rights, privileges, or immunities secured by the Constitution or laws of the United States." *Weber v. City of Cedarburg*, 129 Wis. 2d 57, 65, 384 N.W.2d 333 (1986). Here, the complaint alleges that the officers violated Markunas's rights under the Fourth Amendment to the United States Constitution by conducting an unreasonable seizure, and by using excessive force. We address each claim in turn.

¶19 The following substantive law governs Markunas's unreasonable-seizure-based 42 U.S.C. § 1983 claim. The Fourth Amendment to the United States Constitution protects against unreasonable seizures. *State v. Smith*, 2018 WI 2, ¶1, 379 Wis. 2d 86, 905 N.W.2d 353. "A seizure occurs [for Fourth Amendment purposes] … 'when [an] officer, by means of physical force or show of authority, has in some way restrained the liberty of a [person].'" *County of Grant v. Vogt*, 2014 WI 76, ¶20, 356 Wis. 2d 343, 850 N.W.2d 253 (quoting *United States v. Mendenhall*, 446 U.S. 544, 552 (1980)). A traffic stop is a seizure for Fourth Amendment purposes, and therefore "must not be unreasonable under the circumstances." *State v. Popke*, 2009 WI 37, ¶11, 317 Wis. 2d 118, 756 N.W.2d 569. An arrest is also a seizure for Fourth Amendment purposes, and must also be reasonable under the circumstances. *State v. Dumstrey*, 2016 WI 3, ¶17, 366 Wis. 2d 64, 873 N.W.2d 502. There is a vast body of case law on what makes a traffic stop or arrest unreasonable, but, for purposes of this opinion, it suffices to say that a traffic stop is unreasonable if it is not supported by reasonable suspicion and an arrest is unreasonable if it is not supported by probable cause. *Popke*, 317 Wis. 2d 118, ¶11; *Dumstrey*, 366 Wis. 2d 64, ¶17.

¶20 Here, we can infer from the complaint's factual allegations that the officers seized Markunas and his motorcycle in a traffic stop and at some point may have arrested him. However, we can infer no more than that. Markunas has

not pled any facts regarding the circumstances of the traffic stop that, if true, would show that the traffic stop was itself unreasonable. He does not, for example, plead any facts from which we could conclude that the officers lacked reasonable suspicion for the stop, or that the stop lasted longer than necessary to address the circumstances that justified it. *See Smith*, 379 Wis. 2d 86, ¶10. Nor does Markunas plead any facts at all about the extension of the stop or the arrest that we infer occurred during the traffic stop, but which are not actually alleged in the complaint.

¶21 Instead, the complaint merely alleges that the officers "terminated and/or restrained [Markunas's] freedom of movement and/or liberty"—which is to say that the officers effectuated a "seizure," as that term is defined in *Mendenhall*, 446 U.S. 544, and other cases—and that the resulting seizure was "unreasonable." These allegations are nothing more than bare legal conclusions, which assign dispositive legal significance to facts that are not found in the complaint. *See Bayland Bldgs., Inc. v. Spirit Master Funding VIII, LLC*, 2017 WI App 42, ¶6, 377 Wis. 2d 149, 900 N.W.2d 94 (addressing the distinction between propositions of fact and conclusions of law, and explaining that "conclusions of law assign legal significance" to propositions of fact). As mentioned, we do not accept legal conclusions as true for purposes of evaluating the sufficiency of the complaint. Accordingly, Markunas fails to state a claim for an unreasonable seizure.

¶22 We now turn to the substantive law governing Markunas's excessive-force-based 42 U.S.C. § 1983 claim. "A claim of excessive use of force arising during arrest is grounded in the Fourth Amendment protection against unreasonable seizures as applied to the States by the Fourteenth Amendment." *Robinson v. City of W. Allis*, 2000 WI 126, ¶27, 239 Wis. 2d 595, 619 N.W.2d 692 (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Whether an officer

has exerted excessive force against a person depends on whether the officer's actions were objectively reasonable. *Id.* (citing *Graham*, 490 U.S. at 397). A reviewing court should evaluate the reasonableness of the officer's actions based on the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," and should consider, among other things, whether the suspect posed an immediate threat to the safety of the officer or others and whether the suspect actively resisted arrest. *State v. Krause*, 168 Wis. 2d 578, 589, 484 N.W.2d 347 (Ct. App. 1992) (citing *Hammer v. Gross*, 932 F.2d 842, 846 (9th Cir. 1991) (citing *Graham*, 490 U.S. at 396)).

¶23 At the motion to dismiss stage, we assume that Markunas's factual allegations about seeking medical attention are true, and based on those allegations, we infer that he was injured in some way during the traffic stop. However, the complaint does not allege any facts that, if true, would show that his injuries were caused by the officers' use of force, or that the degree of any force used was unreasonable under the circumstances. Again, the allegation that the officers used "excessive force" is a legal conclusion because it assigns legal significance to facts that are not stated in the complaint, and that Markunas does not even attempt to describe. He therefore fails to state a claim for excessive force against the officers.

¶24 Our analysis of Markunas's common law battery claim is similar to our analysis of the excessive-force-based 42 U.S.C. § 1983 claim. *See Robinson*, 239 Wis. 2d 596, ¶30 ("The touchstone of both causes of action is the objective reasonableness of the use of force."). A tortive battery occurs if a defendant causes bodily harm to a plaintiff to which the plaintiff does not consent. *See*

11

*McClusky v. Steinhorst*, 45 Wis. 2d 350, 357, 173 N.W.2d 148 (1970); *see also* WIS JI—CIVIL 2005 (Battery: Bodily Harm).[7] However, Wisconsin law recognizes that a police officer's potential liability for battery is founded on legal and policy considerations that are distinguishable from those in an ordinary battery case, and that officers have some license to use force that may cause bodily harm when carrying out an arrest. *Wirsing v. Krzeminski*, 61 Wis. 2d 513, 519, 213 N.W.2d 37 (1973). As the pertinent Wisconsin Civil Jury Instruction explains:

> The fact that the evidence in this case shows physical contact between [the officers] and [Markunas], which resulted in injury to [Markunas], is not proof that [the officers] used excessive force.
>
> [The officers] had the lawful authority to use such force in making the arrest as a reasonable police officer would believe to be necessary. But the use of force beyond that which a reasonable police officer would believe necessary under all the circumstances then existing is excessive force.

WIS JI—CIVIL 2008 (Battery: Excessive Force in Arrest).

¶25     Much like Markunas's civil rights claims under 42 U.S.C. § 1983, his complaint fails to plead facts that, if true, would satisfy the elements of a common law battery claim. Again, Markunas's allegation that the force used was "excessive" is a legal conclusion, which we do not accept as true for purposes of evaluating the sufficiency of his complaint.

---

[7] Throughout the case, Markunas has cited to the statute that criminalizes battery, WIS. STAT. § 940.19(1)-(5), and to the elements of the criminal offense. Markunas's references to § 940.19 are misplaced because he is attempting to bring a civil claim that is governed by other standards.

¶26 Finally, we turn to the substantive law that governs Markunas's common law negligence claim. To establish a defendant's negligence, a plaintiff must show, among other things, that the defendant breached a duty of care that the defendant owed to the plaintiff. *Behrendt v. Gulf Underwriters Ins Co.*, 2009 WI 71, ¶14, 318 Wis. 2d 622, 768 N.W.2d 568. A defendant breaches a duty of care if the defendant fails to "exercise that degree of care as would be exercised by a reasonable person under the circumstances." *Id.*, ¶16 (citation omitted).

¶27 Here, the complaint alleges that, "in the course of [the seizure]," the officers "acted in a negligent manner by acting contrary to how reasonable police officers would act in the given circumstance, thereby causing the injuries sustained by [Markunas] as hereinafter described." Again, this is a legal conclusion—essentially, a paraphrase of the legal standard for proving a breach of the duty of care. Markunas does not allege any facts about how the officers acted that, if true, would support that legal conclusion. He therefore fails to state a negligence claim against the officers.[8]

¶28 As shown above, Markunas has failed to allege facts that, if true, would satisfy the elements of any of the four causes of action identified in the complaint. And he does not identify, nor are we aware of, any other cause of action that, although not identified in the complaint, is satisfied by the factual allegations in the complaint. *See Strid*, 111 Wis. 2d at 422-23 ("The operative facts themselves, if they show [the elements of a cause of action], constitute the cause of action. What they are called [in the complaint] is immaterial." (citation

---

[8] Markunas arguably fails to allege other elements of negligence as well, but we need not address those elements because our determination about breach is dispositive. *See Strid*, 111 Wis. 2d 418, 424 ("the absence of any one element is fatal to the claim").

13

omitted)); *see also* **Cattau**, 386 Wis. 2d 515, ¶4 (The complaint is sufficient "[i]f the facts reveal an apparent right to recover under any legal theory," even if the plaintiff did not specifically identify that legal theory (i.e. that specific cause of action) in the complaint or the subsequent briefing.).

¶29     Before ending our discussion, we pause to address an argument that Markunas makes about the circuit court's decision in this case. Markunas argues that the court imposed a "heightened pleading standard," requiring him to "plead facts tantamount to a blow-by-blow graphic novel." We reject this argument for two reasons. First, we independently review the sufficiency of a complaint, so it would not matter if the court had applied an erroneous standard—we would review the complaint de novo and conclude, as we have, that it fails to satisfy the notice pleading standards that are set forth above. Second, we do not agree with Markunas's characterization of the circuit court's order. As we understand the court's explanation, the problem is not that the complaint fails to provide a "blow-by-blow" account of Markunas's interactions with the officers. The problem is that it fails to identify any blow—or any other use of force—at all, and therefore fails to plead facts that would, in the words of WIS. STAT. § 802.02(1), "show[] that [Markunas] is entitled to relief."

## CONCLUSION

¶30     For all of these reasons, we affirm the circuit court's order dismissing the complaint.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.